Jones v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-207-CR

     ANDREW LEE JONES,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 272nd District Court
Brazos County, Texas
Trial Court # 24,058-272
                                                                                                    

O P I N I O N
                                                                                                    

      The appellant, Andrew Lee Jones, was convicted in a bench trial of the offense of theft. Tex.
Penal Code Ann. § 31.03(a), (b)(2) (Vernon 1994). The court sentenced Jones to two years'
incarceration in a state jail facility, suspended for a period of five years with twenty days'
confinement as a condition of his sentence. Id. §§ 12.35(a), (b), 31.03(e)(4) (Vernon 1994 &
Supp. 1997). On appeal, Jones argues: (1) the evidence is legally and factually insufficient to
establish that the offense occurred in Brazos County as charged in the indictment; (2) the evidence
is factually insufficient to prove beyond a reasonable doubt that Jones knowingly and intentionally
committed the theft; and (3) the trial court erroneously admitted an audio tape recording of
conversations between Jones and a police detective. We will sustain Jones' point that the evidence
is legally insufficient to support the court's implied finding that the offense occurred in Brazos
County and render a judgment of acquittal.
      At some point prior to Monday, May 29, 1995, a camera store located in a mall in College
Station was burglarized. Eight video cameras were stolen. Four of the video cameras were
recovered from various pawn shops in Austin. According to the evidence adduced at trial, a man
named "Reggie" and several other men approached Jones at his home in Tunis, a small community
located in Burleson County, which borders on the west side of Brazos County, the county where
the burglary occurred. "Reggie" and his compatriots, using subterfuge, persuaded Jones to pawn
the video cameras for them.


 Jones, who used his driver's license in completing the transaction
at each pawn shop, was arrested and convicted for theft, to-wit: receiving stolen property. See
Tex. Penal Code Ann. § 31.03(a), (b)(2). It is from this conviction that Jones appeals.
      In his first point of error, Jones argues that there is legally insufficient evidence to support
his conviction because there is no evidence to show that any element of the offense occurred in
Brazos County as asserted in the indictment. The indictment by which Jones was charged alleges
that in Brazos County, Jones did:
 
then and there intentionally, knowing said property was stolen by another, appropriate,
by acquiring and otherwise exercising control over, said property which was stolen, to-wit: four camcorders of the value of $1500 or more but less than [$20,000] from a black
male named REGGIE, with the intent to deprive the owner . . . of said property[.]
      The Code of Criminal Procedure provides specific venues for certain offenses and in
particular situations. Tex. Code Crim. Proc. Ann. arts. 13.01-.25 (Vernon 1977 & Supp.
1997). The statute which addresses the proper venue for theft reads:
 
Where property is stolen in one county and removed by the offender to another county,
the offender may be prosecuted either in the county where he took the property or in any
other county through or into which he may have removed the same.
Id. art. 13.08 (Vernon 1977). However, in this particular case, where Jones is not the "offender,"
the specific venue statute does not apply. We must look to the general venue statute to determine
in which forum Jones should have been prosecuted.


 The general venue statute provides that,
when venue for an offense is not specifically stated, the proper county for prosecution is the
county in which the offense was committed. Id. art. 13.18 (Vernon 1977).
      The State was required to prove that venue as to Jones was proper in Brazos County. Id. art.
13.17 (Vernon 1977). To do so, the State had to prove that at least one of the elements of theft
by receiving stolen goods occurred within the boundaries of Brazos County. See id. art. 13.18;
Wood v. State, 573 S.W.2d 207, 210-11 (Tex. Crim. App. [Panel Op.] 1978). The State would
have us hold that venue was proper in Brazos County because, at trial, it proved the original theft
occurred in Brazos County. Under the Penal Code, to prove theft by receiving stolen goods, the
State must prove that a person, with the intent to deprive the owner of property, appropriates
stolen property, knowing it was stolen by another. See Franklin v. State, 659 S.W.2d 831, 833
(Tex. Crim. App. 1983); see also Tex. Penal Code Ann. § 31.03(b)(2) (Vernon 1994). 
      The State must prove only that the property appropriated by the defendant was stolen; the
State is not required to prove where the property was stolen. Because we will not require the State
to prove more than is required, we conclude there is no evidence that any element of the charged
offense occurred in Brazos County and, thus, venue there was improper. Jones' first point of
error is sustained. 
      Because our holding of Jones' first point is dispositive of his appeal, we will not address the
remaining points. Jones' conviction is reversed, and we render a judgment of acquittal. See
Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996) (a finding of legally insufficient
evidence entitles an appellant to an acquittal).
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Reversed and rendered
Opinion delivered and filed April 30, 1997
Publish