**Andrew Lee JONES, Appellant,**

v.

**The STATE of Texas.**

**No. 1000–97.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 4, 1998.

Richard W. B. "Rick" Davis, Bryan, for appellant.

Douglas Howell, III, Asst. Dist. Atty., Bryan, Matthew Paul, State's Atty., Austin, for State.

HOLLAND, Judge, delivered the opinion of the Court in which McCORMICK, Presiding Judge, and BAIRD, OVERSTREET, MANSFIELD, KELLER, PRICE and WOMACK, Judges, joined.

The trial court convicted appellant of theft by receiving. TEX. PEN.CODE ANN. § 31.03(a) & (b)(2).[1] On August 15, 1995, the trial court sentenced appellant to two years in a state jail facility. TEX. PEN.CODE ANN. § 31.03(e)(4)(A). The trial court suspended imposition of appellant's sentence for a period of five years and placed appellant on community supervision for five years with twenty days' confinement as a condition of his sentence. Appellant appealed his conviction to the Tenth Court of Appeals.

The Tenth Court of Appeals reversed appellant's conviction and rendered a judgment of acquittal. *Jones v. State,* 945 S.W.2d 852 (Tex.App.—Waco 1997). The State petitioned this Court to review the decision of the Tenth Court of Appeals. This Court granted review on the ground raised by the State in its petition:

> Does Tex.Code Crim. Proc. Art. 13.08, or, in the alternative, Art. 13.18 provide for venue in the county where the initial theft occurred even though the accused did not take part in the initial theft but instead received stolen property in another county.

This Court affirms the judgment of the Tenth Court of Appeals.

The State adopts the following recitation of facts from the opinion of the Tenth Court of Appeals:

> At some point prior to Monday, May 29, 1995, a camera store located in a mall in College Station was burglarized. Eight video cameras were stolen. Four of the video cameras were recovered from various pawn shops in Austin. According to the evidence adduced at trial, a man named "Reggie" and several other men approached Jones at his home in Tunis, a small community located in Burleson County, which borders on the west side of

---

1. The State's indictment alleged that on May 29, 1995, appellant did:

   then and there intentionally, knowing said property was stolen by another, appropriate, by acquiring and otherwise exercising control over, said property which was stolen, to-wit: four camcorders of the value of $1500 or more but less than $20,000 from a black male named REGGIE, with the intent to deprive the owner, JENNIFER HUBBARD, of said property.

Brazos County, the county where the burglary occurred. ... Jones, who used his driver's license in completing the transaction at each pawn shop, was arrested and convicted for theft, to-wit: receiving stolen property. *See* TEX. PENAL CODE ANN. § 31.03(a), (b)(2).

*Jones v. State,* 945 S.W.2d at 853.[2] Appellant raised the following argument at his trial.

■ Appellant requested the trial court to direct a verdict of acquittal at the close of the State's case on guilt/innocence. Appellant argued the State failed to prove that he committed the alleged theft in Brazos County. Appellant pointed out the State had not produced "a scintilla of evidence" to show that he had anything to do with the burglary of the store in Brazos County or the removal of the camcorders from that store. Appellant contended the State, at most, could show he committed "receipt of the stolen property" in Burleson County, but that the State could not prove he committed any of the alleged offense in Brazos County. Based on the State's failure to prove the alleged venue of the offense, appellant moved for an acquittal.

The State disagreed. Relying on TEX. CRIM. PROC. CODE ANN. art. 13.08, the State contended that because the stolen property traveled through Brazos County on its way to Burleson County where appellant received the property, that appellant could be legally charged with the offense in Brazos County. Appellant responded by quoting the exact language of Art. 13.08 [3] and by pointing out that the provision would apply only to the criminal actor who broke into the store and removed the camcorders from that store. After that burglary and theft were accomplished, appellant argued "the crime that happened in Brazos County was complete. It was absolutely complete." Art. 13.08 would not apply to appellant because "He

had nothing to do with Brazos County. He had no complicity in the break-in at all." Appellant renewed his request for an acquittal.

The trial court focused on whether appellant was a party to the Brazos County theft "such that prosecution venue for him would lie in Brazos County." The State responded that appellant aided and abetted the commission of the crime in Brazos County by receiving it in Burleson County. The State argued that where some of the elements occurred in Brazos County and some of the elements occurred in Burleson County, the theft could be properly charged in either county. This argument appears to invoke TEX.CRIM. PROC. CODE ANN. art. 13.18.

Appellant responded by pointing out the State charged him with theft by receiving the camcorders knowing they were stolen, which occurred at his home in Burleson County. Appellant argued the theft of the camcorders was a separate and distinct event which occurred in Brazos County, and the State failed to prove appellant was a party to the Brazos County theft. Appellant pointed to this Court's opinion in *Barnes v. State,* 824 S.W.2d 560 (Tex.Crim.App.1991), wherein this Court held theft was not a continuing offense, that when each of the elements of theft have occurred, the theft is complete and does not continue. In other words, the burglary and theft of the camcorders in Brazos County was complete when "Reggie" had successfully appropriated them. Appellant claimed his receipt of the camcorders in Burleson County from "a black male named Reggie" was a separate offense.

To illustrate his argument, appellant's trial counsel provided a hypothetical example of what could happen under the State's theory of the case. He began with the assumption that some cameras have been stolen in Brazos County and are then carried out to Fort

---

**2.** The State disagreed with appellant and the Tenth Court of Appeals only over the extent of appellant's mental disability and whether "Reggie" was able to use that disability to manipulate appellant into unwittingly pawning the stolen camcorders. As this fact is not relevant to our resolution of the ground for review before us, we shall not resolve that dispute in reaching our decision.

**3.** Art 13.08 sets out:

Where property is stolen in one county and removed by the offender to another county, the offender may be prosecuted either in the county where he took the property or in any other county through or into which he may have removed the same.

Davis. There, far from the scene of the appropriation, they are sold to Joe Snuffy who pawns them. Appellant asked the trial court if it would be right to prosecute Joe Snuffy in Brazos County for theft by receiving.

The trial court ruled in favor of the State. The trial court believed appellant was a party to the theft in Brazos County because "[appellant] joined in and assisted in the exercise of control over that stolen property ..., I've concluded that the State has proven venue in Brazos County by Mr. Jones being a party to a crime that occurred in Brazos County." The trial court rejected appellant's request for a verdict of acquittal.

On direct appeal, appellant argued the evidence was legally insufficient to establish the offense occurred in Brazos County. Appellant pointed out there was no evidence to show appellant was a party to the commission of the burglary and the appropriation of the camcorders from the store. The evidence showed only that appellant received the camcorders in Burleson County. Because the offense of theft is not a continuing offense, appellant urged the Court of Appeals to conclude the State failed to show appellant committed any offense in Brazos County.

The State responded by conceding that Art. 13.08 applies only to the person who actually committed the theft. The State then argued that TEX.CRIM. PROC.CODE ANN. art. 13.18 [4] controlled disposition of this argument. The State argued that where a single offense is committed in more than one county, venue lay within any county where an element of the offense was committed. Therefore, the State argued, since an element of the offense is that appellant received the property knowing it was stolen, the State must prove the property was stolen. Since the property was stolen in Brazos County, the State contended an element of the offense occurred in Brazos County and venue lay there. The State claimed *Barnes* was distinguishable from appellant's case. The State argued this Court's decision in *Barnes* was fact-specific and, therefore, this Court's

holding in *Barnes* was limited to the theft proved in that case. Hence, the State claimed it did not matter if appellant was not a party to the Brazos County theft, venue still lay in Brazos County because the State must prove the Brazos County theft as an element of the charge against appellant.

The Court of Appeals agreed with appellant. The Court of Appeals began by concluding that Art. 13.08 did not apply because appellant was not the "offender" who stole the property in one county and removed it to another. *Jones v. State*, 945 S.W.2d at 854. The Court of Appeals turned to Art. 13.18, the "general venue" statute, "to determine in which forum Jones should have been prosecuted." *Id.* In order to prove that venue was proper in Brazos County, "the State had to prove that at least one of the elements of theft by receiving stolen goods occurred within the boundaries of Brazos County." *Id.* The Court of Appeals relied on *Wood v. State*, 573 S.W.2d 207, 210–11 (Tex.Crim.App. 1978), wherein this Court applied Art. 13.18 to determine where venue attached. This Court concluded in *Wood* the charged offense was committed in two counties because some of the elements of the offense occurred in one county and at least one element of the offense occurred in the other county. *Wood v. State*, 573 S.W.2d at 210.

The Court of Appeals then looked to determine whether, in appellant's prosecution, any of the elements of the offense occurred in Brazos County. The Court of Appeals concluded there was no evidence that any of the elements of the receipt of stolen goods offense occurred in Brazos County. "Under the Penal Code, to prove theft by receiving stolen goods, the State must prove that a person, with the intent to deprive the owner of property, appropriates stolen property, knowing it was stolen by another." *Jones v. State*, 945 S.W.2d at 854. The Court of Appeals relied on *Franklin v. State*, 659 S.W.2d 831 (Tex.Crim.App.1983), in which this Court concluded the elements of theft by receiving did not include knowledge of the identity of the party from whom the property

4. Art. 13.18 sets out:

If venue is not specifically stated, the proper county for the prosecution of offenses is that in which the offense was committed.

was stolen. *Franklin v. State*, 659 S.W.2d at 833. The Court of Appeals concluded the State had to prove only

> that the property appropriated by the defendant was stolen; the State is not required to prove where the property was stolen. Because we will not require the State to prove more than is required, we conclude there is no evidence that any element of the charged offense occurred in Brazos County and, thus, venue there was improper.

*Jones v. State*, 945 S.W.2d at 854. The Court of Appeals sustained appellant's point of error, reversed his conviction and rendered an acquittal. *Id.* This Court granted the State's request that we review the Court of Appeals' decision.

Though the State conceded in its brief on direct appeal that Art. 13.08 did not apply to appellant's case, the State changed its position in its motion for rehearing after the Court of Appeals decided in favor of appellant. The State maintains that same argument on discretionary review. The State claims that prior to the adoption of the Model Penal Code in 1974,[5] the offense of theft by receiving had its own special venue statute. The statute provided that receipt of stolen property could be prosecuted "in the county where the theft was committed" or any other county through which the property may have been carried. That statute, former Art. 13.15, was revised when the Model Penal Code was adopted. TEX.CRIM. PROC.CODE ANN. art. 13.08 historical note (Vernon 1977) [Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 2(C), 1973 Tex. Gen. Laws 883, 977]. However, the State argues the principle behind former Art. 13.15 continues in Art. 13.08, the present general venue statute for theft.

The State claims this liberal construction of Art. 13.08 keeps with the spirit of the legislative consolidation of the different theft offenses into one single theft offense. The State points out that consolidation was "aimed at the harm that accompanies the acquisitive conduct, however the acquisition is accomplished." Instead of a focus on "pursuing the defendant under the appropriate

offense label", the consolidation focused on the criminal actor's culpability under a single offense, and turned away from how the acquisition was accomplished. *See McClain v. State*, 687 S.W.2d 350, n. 10 at 353–54 (Tex. Crim.App.1985). The State contends the consolidation of the venue statutes into a single venue statute followed the same principle as the consolidated theft statutes.

The State never explains, however, how the consolidated venue statute for theft applied that same principle. Citing no authority, the State contends the Legislature did not intend to further limit venue from what the previous laws had allowed. Rather, the State claims the Legislature intended for the new consolidated venue statute to have the same force and effect as all of its predecessors.

Lastly, the State attempts to justify its argument on grounds of public policy. The State argues that it is better to allow a charge of receiving stolen property to be prosecuted in the county where the property was initially stolen. The State asserts the victim of the theft will look to their local prosecutor to defend their property rights, and only that local prosecutor would have a vested interest in protecting the property rights of the victim of the theft. The State asserts the prosecutor in Brazos County would have a greater interest in prosecuting appellant than would Travis County, where the camcorders were pawned. The State closes its argument by claiming that Brazos County authorities have a greater incentive to see that justice is served for an offense occurring within its community.

■■■ This Court begins with Art. 13.08. Instead of the approach taken by the State in its brief, we shall apply the principles of statutory construction to determine the Legislature's intent when it enacted Art. 13.08. This Court and the other appellate courts of this state have the duty to interpret the laws enacted by our State Legislature. TEX. CONST. art. II, § 1; and *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). To carry out this duty, this Court must attempt to discern the collective intent or purpose of

---

5. *See* Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883.

the legislators who enacted the legislation. "We necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." *Id.* When reviewing the literal text of the statute, this Court will read the words and phrases of the statute in context and construe them "according to the rules of grammar and common usage." TEX. GOV'T.CODE ANN. § 311.011(a). When the meaning of the text of a statute should have been plain to the legislators who voted on it, "we ordinarily give effect to that meaning." *Boykin v. State,* 818 S.W.2d at 785. "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Coit v. State,* 808 S.W.2d 473, 475 (Tex.Crim.App. 1991); and cases cited therein.

A literal reading of the language of Art. 13.08, see footnote 3, *supra,* indicates that Art. 13.08 establishes venue for the trials of offenders who steal the property of another person and remove that property from one county to another. Article 13.08 allows for the offender to be prosecuted in either the county where he or she took the property or in any county through or into which the offender removed the property. This Court concludes the collective intent or purpose of the legislators who enacted the legislation was that Art. 13.08 applies to offenders at the moment they take control over property, either to unlawfully appropriate it or to move it. Because the plain meaning of Art. 13.08 should have been apparent when enacted by the Legislature, we will give effect to that meaning. *Boykin v. State,* 818 S.W.2d at 785.

This Court concludes the literal text of Art. 13.08 applies to all of the offenders who are prosecuted under the consolidated theft statute. The consolidation of the venue statutes into a single venue statute was done "to provide for venue for the consolidated theft

offense".[6] 40 GEORGE E. DIX AND ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 2.17 at 67–68 (1995). That includes the offense of theft by receiving. We conclude that venue for theft by receiving under § 31.03 is controlled by Art. 13.08.

We disagree, however, with the State's assertion that the principle of former Art. 13.15 continued into Art. 13.08. The legislature dropped the language of former Art. 13.15, which allowed a person charged with theft by receiving to be tried "in the county where the theft was committed", from the text of Art. 13.08. TEX.CODE CRIM. PROC. ANN. art. 13.08 historical note (Vernon 1977) [Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 2(C), 1973 Tex. Gen. Laws 883, 977]. Art. 13.08 attaches venue at the point where the accused takes control of the property. This Court concludes the language of the two statutes, former Art. 13.15 and new Art. 13.08, are not compatible. The legislature's decision to omit the language of former Art. 13.15 from new Art. 13.08 indicates a legislative resolve to not carry forward the meaning and force of former Art. 13.15.

Instead, this Court applies the literal interpretation of Art. 13.08 set out above. Venue for theft by receiving attaches at the time and place the offender takes control of the property. Venue for theft by receiving can also attach in any county where the offender removes the property. In this case, Art. 13.08 attached venue for appellant's criminal conduct from the moment he assumed control of the property at his home in Burleson County.

In this case, appellant took the property, knowing it was stolen, from "Reggie" in Burleson County. At that point, venue for the charges against appellant for receiving the stolen camcorders attached in Burleson County, not Brazos County. If the State was relying solely on Art. 13.08 to support its choice of venue for this prosecution, then the

---

6. Tex. Penal Code Ann. § 31.02 sets out the text of the consolidated theft offense:

Theft as defined in Section 31.03 constitutes a single offense superseding the separate offenses previously known as theft, theft by false pretext, conversion by a bailee, theft from the

person, shoplifting, acquisition of property by threat, swindling, swindling by worthless check, embezzlement, extortion, receiving or concealing embezzled property, and *receiving or concealing stolen property.* (Emphasis added).

State erred in trying to bring this prosecution in Brazos County. Pursuant to Art. 13.08, appellant could have been prosecuted for theft by receiving in Burleson County where he received the camcorders from "Reggie" or in Travis County where he pawned the camcorders, or in any county through which he moved those camcorders.

This Court concludes venue for the charge of theft by receiving against appellant attached in Burleson County when appellant received the property knowing it was stolen. The State never showed appellant received the property in Brazos County. The State also never showed appellant removed the property to Brazos County. This Court concludes that under Art. 13.08 venue for this offense never attached in Brazos County. This Court also concludes the State failed to prove appellant committed this offense in Brazos County, as appellant argued before the trial court and the Court of Appeals.

As part of the issue before this Court to review, we must also resolve whether Art. 13.18, the general venue statute, provides for venue to attach in this case in Brazos County. The State argued on direct appeal that

Art. 13.18 stated when a single offense occurs in more than one county, venue lies in any county where an element of the offense occurred. In its opinion, the Court of Appeals conceded that Art. 13.18 controls disposition of the venue question in this case. *Jones v. State*, 945 S.W.2d at 854. This Court disagrees with both the State and the Court of Appeals on the applicability of Art. 13.18 to this case.

Art. 13.18 sets out, *"If venue is not specifically stated,* the proper counties for the prosecution of offenses are those in which the offense was committed."* As explained above, Art. 13.08 applies to theft prosecutions including the offense of theft by receiving. Because the instant offense, theft by receiving, is controlled by a special venue statute, Art. 13.08, Art. 13.18 does not apply to resolve the dispute in this case. *See Wood v. State*, 573 S.W.2d at 210. This Court concludes Art. 13.18, the general venue statute, does not control disposition of the question of venue in this case. We reject the Court of Appeals' conclusion that Art. 13.18 controls disposition of the venue issue in this case.[7]

---

7. Even if Art 13.18 controlled theft by receiving prosecutions, it would call for a reversal of the trial court's decision in this case. The initial theft of the property is not an element of the offense of theft by receiving. The State and the Court of Appeals disagreed over whether the initial theft of the property constitutes an element of theft by receiving. The State claims the theft of the camcorders in Brazos County was an element of this offense, and pursuant to Art. 13.18, venue attached in Brazos County. The Court of Appeals concluded theft by receiving did not include the initial theft of the property as an element of the offense. Because it was not necessary for the State to prove where and how the property was stolen, the Court of Appeals found the State failed to prove an element of the theft by receiving occurred in Brazos County. *Jones v. State*, 945 S.W.2d at 854.

This Court agrees that the initial theft of the property is not an element of the offense of theft by receiving. In *McClain v. State*, 687 S.W.2d 350, 354 (Tex.Crim.App.1985), this Court stated, "knowing the property possessed was stolen by another is merely a subset of knowing the possession is without the owner's consent." In *Chavez v. State*, 843 S.W.2d 586 (Tex.Crim.App.1992), this Court examined the nature of the offense of theft by receiving. We discussed the effect of the 1973 consolidation of the different theft offenses into a single offense.

To plead theft, therefore, the State has only to allege that the accused appropriated property unlawfully with intent to deprive the owner of it. The manner in which he came to possess it, whether by initially taking it from the owner or by subsequently receiving it from someone who did, is not an essential element of theft under current law. Today, evidence sufficient to show an accused exercised control over property without consent of the owner, intending to deprive him of it, is always enough to prove theft.

*Chavez v. State*, 843 S.W.2d at 588.

Under the statutory offense of theft by receiving, the nature of the initial theft of the property which is the subject of the prosecution is not an essential element of theft by receiving. It does not matter where, by whom, or how the property was initially stolen. The State is not required to plead and prove the property was obtained from the original owner or that the defendant knew the property was obtained from that owner. *Franklin v. State*, 659 S.W.2d 831, 833 (Tex.Crim.App.1983). Under the statute, the State is only required to prove that a defendant received the property knowing that it was stolen. In this case, the theft of the camcorders was not an element of the theft by receiving offense with which appellant was charged. Even if Art. 13.18 controlled disposition of the venue issue in this case, venue would not have attached in Brazos County in this case pursuant to Art. 13.18 because the original theft of the camcorders in

This Court overrules the State's ground for review. Because we conclude that Art. 13.08 controls disposition of this case, and because that conclusion warrants a reversal of appellant's conviction and a rendering of an acquittal, we affirm the judgment of the Court of Appeals that appellant's conviction should be reversed and a judgment of acquittal rendered.

MEYERS, J., concurs.

Brazos County is not an essential element of the