NUMBER
13-01-00559-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG

 

GARY J. LEMOINE,                                                             Appellant,

 

                                                   v.

 

THE STATE OF
TEXAS,                                                       Appellee.

 

 

      On appeal from the 138th District Court of
Willacy County, Texas.

 

 

                                   O P I N I O N

 

                     Before Justices Hinojosa, Yañez, and
Castillo

                                 Opinion by
Justice Hinojosa

 








Appellant, Gary J. Lemoine, was
charged by indictment with the felony offenses of theft and misapplication of
fiduciary property.  A jury found him
guilty of both offenses and assessed his punishment at eight years imprisonment
and a $20,000.00 fine.  In four issues,
appellant contends the evidence is insufficient to support his convictions and
the trial court erred in denying his motion for directed verdict and plea to
the jurisdiction.  We reverse the trial
court=s judgment and render judgment that
appellant be acquitted of both counts alleged in the indictment.

                                                A.  Background

On or about September 15, 1998,
Hollis Swanberg (ASwanberg@) sold 1,521 bales of cotton to
Chuck Crowley (ACrowley@), a Cameron County cotton broker,
for $0.6551 a pound (total amount of approximately $460,000.00).  The cotton was farmed and stored in Willacy
County.

Crowley sold the 1,521 bales to
appellant in Cameron County for an unspecified amount.  Appellant then sold the bales to several
parties (Athe buyers@) from other states.  On or about September 18, 1998, the buyers
paid appellant in Cameron County for the cotton.  Appellant paid a portion of this money to
Crowley in Cameron County.  Crowley never
paid Swanberg for the cotton.  The buyers
later took possession of the cotton in Willacy County.

In the first count of the
indictment, the State alleged that appellant:

on or about the 18th day of
September, 1998, . . . in the County of Willacy and State of Texas, did then
and there intentionally, knowingly, or recklessly misapply property the
defendant held as a fiduciary, to-wit: United States currency of the value of
$200,000.00 or more, by paying said property to persons other than the owner,
to-wit: Swanberg Farms Partnership or its agent(s), and said misapplication was
done in a manner that involved substantial risk of loss of said property to
said owner.

 

In the second count of the
indictment, the State alleged that appellant:

on or about the 18th day of
September, 1998, . . . in the County of Willacy and State of Texas, did then
and there unlawfully, intentionally, and knowingly appropriate property,
to-wit: United States currency in the amount of $200,000.00 or more, without
the effective consent of the owner, Swanberg Farms Partnership, with the intent
to deprive said owner of said property.

 








                                                       B.  Venue

In his first issue, appellant
contends the trial court erred in overruling his motion for directed verdict on
the issue of venue because the record contains no evidence that he committed
the offenses in Willacy County. 
Appellant asserts that article 13.18 of the code of criminal procedure
is controlling in this case.

The State argues that venue is
proper in Willacy County pursuant to articles 13.01, 13.08, and 13.17 of the
code of criminal procedure.  

                                             1.  Standard of Review

A challenge to the denial of a
motion for directed verdict is actually a challenge to the legal sufficiency of
the evidence.  See Madden v. State,
799 S.W.2d 683, 686 (Tex. Crim. App. 1990); Nam Hoai Le v. State, 963
S.W.2d 838, 841 (Tex. App.BCorpus Christi 1998, pet. ref=d). 
When we review a legal sufficiency of the evidence issue, we view the
evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Rosillo v. State, 953 S.W.2d
808, 811 (Tex. App.BCorpus
Christi 1997, pet. ref=d).

If a rational juror could have
found by a preponderance of the evidence that venue is proper, we must
affirm.  Jackson, 443 U.S. at
318-19; see Tex. Code Crim. Proc. Ann. art. 13.17
(Vernon 1977).  If no evidence of
proper venue exists, we must reverse and acquit.  Jones v. State, 979
S.W.2d 652, 659 (Tex. Crim. App. 1998).

                                                  2.  Article 13.01








The State argues that venue is
proper in Willacy County pursuant to article 13.01 of the code of criminal
procedure.  Article 13.01 provides, in
relevant part:

Art. 13.01.  Offenses committed outside this State

Offenses committed wholly or in
part outside this State, . . . may be prosecuted in
any county in which the offender is found or in any county in which an element
of the offense occurs.

 

Tex. Code Crim. Proc. Ann. art. 13.01 (Vernon
1977).

Appellant was indicted for the
theft and misapplication of United States currency in the amount of $200,000.00
or more.  Appellant could neither steal
nor misapply the currency until he actually received it.  Tex. Pen. Code Ann. '' 31.03(a), 32.45(b) (Vernon 1994 & Supp. 2002).  After reviewing the entire record, we
conclude that no part of these offenses took place outside Cameron County.  The record clearly shows that appellant
received the currency in Cameron County. 
The currency remained in Cameron County until appellant paid Crowley a
portion of the funds.  Appellant paid
Crowley in Cameron County.  Because no
part of these offenses occurred outside the State of Texas, we hold that
article 13.01 of the code of criminal procedure does not apply in this case.

                                                  3.  Article 13.08

The State argues that venue is
proper in Willacy County pursuant to article 13.08 of the code of criminal
procedure.  Article 13.08 provides:

13.08.  Theft

 

Where property is stolen in one
county and removed by the offender to another county, the offender may be
prosecuted either in the county where he took the property or in any other
county through or into which he may have removed the same.

 

Tex. Code Crim. Proc. Ann. art. 13.08 (Vernon
1977).








The currency remained in Cameron
County from the time appellant received it until it was disbursed.  Because appellant did not remove the currency
to Willacy County, we hold that article 13.08 does not apply in this case.  See Jones, 979
S.W.2d at 655. 

                                                  4.  Article 13.17

The State argues that venue is
proper in Willacy County pursuant to article 13.17 of the code of criminal
procedure.  Article 13.17 provides, in
relevant part:

Art. 13.17.  Proof of Venue

 

In all cases mentioned in this
Chapter, the indictment . . . may allege that the offense was committed in the
county where the prosecution is carried on. 
To sustain the allegation of venue, it shall only be necessary to prove
by the preponderance of the evidence that by reason of the facts in the case, the
county where such prosecution is carried on has venue.

 

Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon
1977).

The State contends that venue is
proper in Willacy County because the cotton remained there throughout the
transactions.  However, the State did not
allege in the indictment that appellant stole or misapplied the cotton.  The indictment alleges that appellant stole AUnited States currency in the
amount of $200,000.00 or more@ and misapplied AUnited States currency of the value
of $200,000.00 or more.@

Because the cotton is not the
property alleged in the indictment, we conclude its location is
irrelevant.  Because the alleged theft
and misapplication of the currency did not occur in Willacy County, we hold
that article 13.17 does not apply in this case.

                                                  5.  Article 13.18

Appellant contends that article
13.18 of the code of criminal procedure is controlling in this case.  We agree. 
Article 13.18 provides:

Art. 13.18.  Other offenses

 








If venue is not specifically stated, the proper county for the
prosecution of offenses is that in which the offense was committed.

 

Tex.
Code Crim. Proc. Ann. art. 13.18 (Vernon
1977).  The evidence in the record
shows that all actions involving the currency occurred in Cameron County.  We conclude that venue is proper only in
Cameron County.

                                        C.  Conclusion

We
have found no evidence in the record that venue is proper in Willacy
County.  Accordingly, we sustain
appellant=s first issue.  In light of our disposition of this issue, it is not necessary to
address appellant=s remaining issues.  See Tex.
R. App. P. 47.1.

We
reverse the trial court=s judgment and render judgment that
appellant be acquitted of both counts alleged in the indictment.

 

FEDERICO G. HINOJOSA

Justice

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this
the

8th
day of August, 2002.