Brandon Anderson Moore v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-140-CR

     BRANDON ANDERSON MOORE,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court # 20004212CR2
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      Brandon Moore appeals from a misdemeanor conviction for driving while intoxicated. The
trial court sentenced Moore to 60 days’ confinement and a $2,000 fine, suspended the imposition
of the sentence and placed him on community supervision for one year and ordered him to pay
$300 of the fine. Moore claims in one point that the evidence is insufficient to identify him as the
guilty party. We overrule the point and affirm the judgment.
STANDARD OF REVIEW
      In Caldwell v. State, we observed that we would construe a general sufficiency challenge
without more as a challenge to the legal sufficiency of the evidence. 943 S.W.2d 551, 552 (Tex.
App.—Waco 1997, no pet.). But, if the general sufficiency point is supported by arguments or
cases, we will look to those to construe the point. Purvis v. State, 4 S.W.3d 118, 120 (Tex.
App.—Waco 1999, no pet.). Here, Moore provides no case support or arguments for his general
sufficiency challenge.
      Additionally, we may construe a general sufficiency point based upon the relief requested in
the appellant’s prayer. Hoffman v. State, 922 S.W.2d 663, 671 n. 6 (Tex. App.—Waco 1996, pet.
ref’d). An appellant challenging the legal sufficiency of the evidence should request reversal and
rendition of a judgment of acquittal. See Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App.
1996); Jones v. State, 945 S.W.2d 852, 854 (Tex. App.—Waco 1997), aff’d, 979 S.W.2d 652
(Tex. Crim. App. 1998). An appellant challenging factual sufficiency should request reversal and
remand. See Clewis, 922 S.W.2d at 133-34; Gowans v. State, 995 S.W.2d 787, 790 (Tex.
App.—Houston [1st Dist.] 1999, pet. ref’d). If both challenges are made, the appellant should
request reversal and rendition or in the alternative reversal and remand. See Clewis, 922 S.W.2d
at 133-34; Regan v. State, 7 S.W.3d 813, 819 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d)
(appellate court may proceed to review factual sufficiency after it determines the evidence is
legally sufficient). Here, Moore requested reversal and remand in his prayer for relief. 
Accordingly, we construe his complaint as a factual sufficiency point.
      In reviewing a challenge to the factual sufficiency of the evidence, we “begin[ ] with the
assumption that the evidence is legally sufficient.” Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997). We must view all the evidence without the prism of the “in the light most
favorable to the prosecution” construct. Clewis, 922 S.W.2d at 129. We ask “whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the jury’s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.” Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Goodman v. State, 66 S.W.3d 283, 285 (Tex.
Crim. App. 2001).
      We must also remain cognizant of the factfinder’s role and unique position—one that the
reviewing court is unable to occupy. Johnson, 23 S.W.3d at 9. The jury determines the
credibility of the witnesses and may “believe all, some, or none of the testimony.” Chambers v.
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). It is the jury that accepts or rejects
reasonably equal competing theories of a case. Goodman, 66 S.W.3d at 287. A decision is not
manifestly unjust as to the accused merely because the factfinder resolved conflicting views of
evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).
ANALYSIS
      Moore claims that the State failed to prove that he was the party who drove and operated a
motor vehicle because the testifying officer did not identify anyone in court as the person who
committed the offense. We disagree.
      The State is required to prove that Moore is the person who committed the offense. Wilson
v. State, 9 S.W.3d 852, 855 (Tex. App.—Austin 2000, no pet.) (citing Johnson v. State, 673
S.W.2d 190, 196 (Tex. Crim. App. 1984)). No formalized procedure is required for the State to
prove the identity of the accused.


 See id. We review the totality of the circumstances to
determine whether a fact finder could conclude that the witnesses were referring to Moore. 
Rohlfing v. State, 612 S.W.2d 598, 601 (Tex. Crim. App. [Panel Op.] 1981); Purkey v. State, 656
S.W.2d 519, 520 (Tex. App.—Beaumont 1983, pet. ref’d).
      Throughout Trooper Bryant’s testimony, he referred to the person he had arrested for DWI
as “the defendant.” See Janak v. State, 826 S.W.2d 803, 804 (Texarkana 1992, no pet.); Purkey,
656 S.W.2d at 520. In addition, the State played for the court the roadside videotape which
Bryant recorded with his in-car camera depicting the traffic stop and Moore’s performance on field
sobriety tests. See Hime v. State, 998 S.W.2d 893, 896 (Tex. App.—Houston [14th Dist.] 1999,
pet. ref’d). The trial court, as fact finder, could compare Moore’s in-court appearance with that
depicted on the video. Cf. Gill v. State, 57 S.W.3d 540, 546 (Tex. App.—Waco 2001, no pet.)
(State can prove that defendant is person named in penitentiary packet by photographs contained
in packet).
      The record contains no evidence to suggest that anyone other than Moore committed the
offense. Accordingly, we cannot say “the proof of [his identity] is so obviously weak as to
undermine confidence in the jury’s determination.” Johnson, 23 S.W.3d at 11.
      We overrule Moore’s sole point and affirm the judgment.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed June 18, 2003
Do not publish
[CR25]