Affirmed and Memorandum Opinion filed October 6, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00339-CR

____________

 

Brent Voncey Fields, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 284th
District Court

Montgomery County, Texas

Trial Court Cause No. 07-07-07420
CR



 

MEMORANDUM OPINION

 

Appellant Brent Voncey Fields challenges his
felony conviction on two counts of theft of property with a value of more than
$20,000 but less than $100,000.  After the jury found appellant guilty on both
counts, the trial court assessed punishment as confinement for 50 years.  Appellant
contends that the evidence is legally and factually insufficient to support the
jury’s findings that appellant (1) committed the felony offense of theft; and
(2) committed the felony offense of theft in Montgomery County, Texas.  We
affirm.   

Background

            Texas
Hobby Auto Auction, a vehicle broker located in Harris County, reported a 2004
Lincoln Navigator stolen in December 2006.  Tom Peacock Cadillac, another
vehicle broker located in Harris County, reported a 2006 Cadillac CTS stolen in
January 2007.     

Chad Doyle was arrested for driving another vehicle
reported stolen from Texas Hobby Auto Auction in December 2006.  Detective
Reginald Broughton of the Houston Police Department Auto Theft Division
interviewed Doyle on April 17, 2007.  Doyle provided information that led the
police to 1114 East Red Cedar Circle in Montgomery County.  Broughton traveled
to that address on May 8, 2007 and observed a Lincoln Navigator parked in the
driveway bearing license plates that read “8YPS12.”    

Broughton returned to 1114 East Red Cedar Circle on
May 17, 2007 and observed a Lincoln Navigator in the driveway and a Cadillac
CTS to the right of the driveway.  He checked the license plates and determined
that they did not match the vehicles.  The license plates located on the
Lincoln Navigator on May 17, 2007 read “982MMW.”  This license plate number and
the registration sticker affixed to the Lincoln Navigator belonged to a
different model year Navigator located at the Northwood Lincoln Mercury
dealership.  

Broughton also checked the vehicle identification
number (“VIN”) of both vehicles located at 1114 East Red Cedar Circle and determined
that both were reported stolen.  The Lincoln Navigator’s VIN matched the VIN of
the same model year vehicle reported stolen from Texas Hobby Auto Auction in
December 2006.  The Cadillac CTS’s VIN matched the VIN of the same model year vehicle
reported stolen from Tom Peacock Cadillac in January 2007.  

Appellant’s girlfriend, Jewel Ware Rivers, resided at
1114 East Red Cedar Circle.  She began dating appellant in January 2007, and
testified that appellant had been driving a Cadillac CTS since that time.  She
further testified that appellant began driving a Lincoln Navigator in February
2007.  According to Rivers, appellant gave her rides in both vehicles and said
he owned both vehicles.  Rivers gave appellant permission to keep the Lincoln
Navigator and Cadillac CTS at her residence.  Appellant drove both vehicles to
Rivers’s residence.   

When questioned, appellant initially said both
vehicles belonged to Doyle.  Appellant said he had not driven the vehicles and
did not have keys to them.  Police found the keys and alarm pads for the
Lincoln Navigator and Cadillac CTS in appellant’s pocket.  Police also found a
checkbook, personal mail, and vehicle inspection receipts inside the Lincoln
Navigator bearing appellant’s name.  The license plate number appearing on the
vehicle inspection receipts found inside the Lincoln Navigator did not match
the vehicle and did not match the license plates affixed to the vehicle on May
8, 2007 or May 17, 2007.  The license plate number that appeared on the vehicle
inspection receipt was “9LFY12.”  

Appellant was arrested on May 17, 2007 in connection
with the thefts and charged with two counts of theft of property with a value
of at least $20,000 but less than $100,000.  The jury found appellant guilty of
both counts.  The trial court sentenced appellant to 50 years in prison in an
order signed on February 29, 2008.[1] 
Appellant appeals from this judgment.  

Analysis

Appellant challenges the legal and factual
sufficiency of the evidence supporting his theft conviction.  Additionally,
appellant challenges the legal and factual sufficiency of the evidence
supporting the jury’s finding that appellant committed the theft in Montgomery
County.  

I.         Standard of
Review and Applicable Law

In reviewing legal sufficiency of the evidence, an
appellate court examines all of the evidence in the light most favorable to the
verdict to determine whether any rational factfinder could have found proof of
the essential elements of the offense beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Rollerson v. State, 227 S.W.3d
718, 724 (Tex. Crim. App. 2007).  The court does not sit as a thirteenth juror
and may not re-evaluate the weight and credibility of the record evidence or
substitute its judgment for that of the factfinder.  Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Reconciliation of conflicts in the evidence is within
the exclusive province of the factfinder.  See Mosley v. State, 983
S.W.2d 249, 254 (Tex. Crim. App. 1998).  The appellate court’s duty is not to
reweigh the evidence but to serve as a final due process safeguard ensuring
only the rationality of the factfinder.  See Williams v. State, 937
S.W.2d 479, 483 (Tex. Crim. App. 1996).  An appellate court faced with a record
that supports conflicting inferences must presume — even if not obvious from
the record — that the factfinder resolved any such conflicts in favor of the
verdict and must defer to that resolution.  Jackson, 443 U.S. at 326.

In reviewing factual sufficiency of the evidence, an
appellate court must determine whether (1) the evidence introduced to support
the verdict is “so weak” that the factfinder’s verdict seems “clearly wrong and
manifestly unjust,” or (2) the factfinder’s verdict is nevertheless against the
great weight and preponderance of the evidence.  Watson v. State, 204
S.W.3d 404, 414-15 (Tex. Crim. App. 2008).  In a factual sufficiency review,
the court views all of the evidence in a neutral light.  Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (en banc).  If the court finds the
evidence factually insufficient, the court must remand the case for a new
trial.  Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996).

In order to declare that an evidentiary conflict
justifies a new trial, an appellate court must rely on some objective basis in
the record demonstrating that the great weight and preponderance of the
evidence contradicts the jury’s verdict.  See Lancon v. State, 253
S.W.3d 699, 706-07 (Tex. Crim. App. 2008).  An appellate court should not
intrude upon the factfinder’s role as the sole judge of the weight and
credibility of witness testimony.  Vasquez v. State, 67 S.W.3d 229, 236
(Tex. Crim. App. 2002).  The factfinder may choose to believe or disbelieve any
portion of the testimony presented at trial.  Bargas v. State, 252
S.W.3d 876, 887 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (en banc)).  Due
deference must be given to the factfinder’s determinations concerning the
weight and credibility of the evidence and reversal of those determinations is
appropriate only to prevent the occurrence of a manifest injustice.  Martinez
v. State, 129 S.W.3d 101, 106 (Tex. Crim. App. 2004). 

A person commits the offense of theft if he
“unlawfully appropriates property with intent to deprive the owner of the
property.”  Tex. Pen. Code § 31.03(a) (Vernon Supp. 2008). An
appropriation of property is unlawful if (1) the appropriation “is without the
owner’s effective consent,” or (2) “the property is stolen and the actor
appropriates the property knowing it was stolen by another[.]”  Id. § 31.03(b)(1)-(2)
(Vernon Supp. 2008).  “Appropriate” means “to bring about a transfer or
purported transfer of title to or other nonpossessory interest in property,
whether to the actor or another” or “to acquire or otherwise exercise control
over property other than real property.”  Id.            § 31.01(4)(B)
(Vernon Supp. 2008).  

Under the consolidated theft statute, the manner in
which an individual comes into possession of stolen property is not an
essential element of theft; criminal liability attaches regardless of whether
the individual initially took the stolen property from the owner or
subsequently received it from someone who did.  Chavez v. State, 843
S.W.2d 586, 588 (Tex. Crim. App. 1992).  Evidence is sufficient to prove theft
if it demonstrates that the accused (1) exercised control over property, (2)
intending to deprive the owner of it, (3) without effective consent of the
owner.  Id. 

Venue for all prosecutions under the
consolidated theft statute is controlled by article 13.08 of the Code of
Criminal Procedure.  Jones v. State, 979 S.W.2d 652, 657 (Tex. Crim.
App. 1998).  Article 13.08 provides as follows: “Where
property is stolen in one county and removed by the offender to another county,
the offender may be prosecuted either in the county where he took the property
or in any other county through or into which he may have removed the same.” 
Tex. Code Crim. Proc. Ann. art 13.08(a) (Vernon Supp. 2008).  Venue for theft
by receiving also is controlled by article 13.08.  See Jones, 979 S.W.2d
at 657.  Venue for theft by receiving attaches (1) at the time and place the
offender obtains control of the property, and (2) in any county to which the
offender removes the property.  Id.  

II.        Sufficiency
of the Evidence to Support the Theft Conviction

            Appellant
contends the evidence is legally and factually insufficient to support his
theft conviction because there is no evidence that appellant (1) effected the
initial taking of the Lincoln Navigator and Cadillac CTS, or (2) knew these
vehicles were stolen.  We reject this contention.  

Broughton testified that appellant initially claimed
the Lincoln Navigator and Cadillac CTS belonged to Doyle.  Appellant told
police he had not driven the Lincoln Navigator or Cadillac CTS.  Appellant also
told police he did not have keys to either vehicle.  Broughton testified the
keys and alarm pads to the vehicles were found in appellant’s pocket.  Rivers
testified appellant was driving the Cadillac CTS as of January 2007; began
driving the Lincoln Navigator in February 2007; and said he owned both
vehicles.  A checkbook, personal mail, and vehicle inspection receipts bearing
appellant’s name were found inside the Lincoln Navigator.  

            Broughton further
testified he first observed the Lincoln Navigator at 1114 East Red Cedar Circle
on May 8, 2007.  License plates affixed to the Lincoln Navigator on that date
read “8YPS12.”  When he returned to 1114 East Red Cedar Circle on May 17, 2007,
the license plates on the Lincoln Navigator read “982MMW.”  He testified the
license plates and registration sticker affixed to the Lincoln Navigator on May
17, 2007 were registered to a Lincoln Navigator from a different model year
that was located at the Northwood Lincoln Mercury dealership at that time.  A
third license plate number appeared on the vehicle inspection receipts found
inside the Lincoln Navigator —“9LFY12.”  The license plate number “9LFY12”
belonged to a third Lincoln Navigator.  License plates on the Cadillac CTS were
found to be registered to a Cadillac CTS from a different model year. 

Viewing this evidence in the light most favorable to
the jury’s verdict, the jury could have found beyond a reasonable doubt that
appellant knew the Lincoln Navigator and Cadillac CTS were stolen when he took
possession of the vehicles.  See Jackson, 443 U.S. at 319; Dewberry,
4 S.W.3d at 740.  

Appellant’s main contention regarding factual
sufficiency is that Doyle’s testimony is unreliable.  The jury is the sole
judge of the weight and credibility of witness testimony and was free to
believe or disbelieve all or any part of Doyle’s testimony; the appellate court
should not intrude upon the factfinder’s role.  Vasquez, 67 S.W.3d at
236.  Regardless, our review of the record reveals that there is sufficient
evidence to support the appellant’s theft conviction independent of Doyle’s
testimony.   

Viewing the evidence in a neutral light, we conclude
the evidence is factually sufficient to justify the jury’s conviction of
appellant for the felony offense of theft as charged.  See Johnson, 23
S.W.3d at 11.  The jury could have found beyond a reasonable doubt appellant
knew the Lincoln Navigator and Cadillac CTS were stolen when he took possession
of the vehicles.  The jury’s finding is neither clearly wrong nor manifestly
unjust.  See Lancon, 253 S.W.3d at 706-07; Watson, 204 S.W.3d at
414-15; Martinez, 129 S.W.3d at 106. 

We overrule appellant’s first issue. 

III.      Sufficiency of the Evidence to Support a Finding that
Appellant Committed the Theft in Montgomery County

Appellant contends the evidence is legally and
factually insufficient to support the jury’s finding that he committed the
felony of theft in Montgomery County.  Relying on article 13.18 of the Code of
Criminal Procedure, appellant argues that proper venue for prosecution of this
case was in Harris County because (1) theft is not a continuing offense, and (2)
all elements of the offense of theft were satisfied when the vehicles were
removed from their respective dealerships in Harris County.  

Appellant misplaces his reliance on article 13.18. 
The proper venue provision in this case is article 13.08.  Under article 13.08,
venue is proper in (1) the county where the property was stolen, or (2) any
county “through or into which” the offender took the property.  Tex. Code Crim. Proc. Ann. art 13.08(a).   

We conclude that the record contains legally
sufficient evidence to support the jury’s finding that appellant committed the
felony offense of theft in Montgomery County.  Broughton located the Lincoln
Navigator and Cadillac CTS at 1114 East Red Cedar Circle in Montgomery County. 
Rivers testified she gave appellant permission to keep the vehicles at her
residence in Montgomery County.   She further testified that appellant drove
both vehicles to that address.  Appellant was driving the Cadillac CTS from
January 2007 to May 2007 and the Lincoln Navigator from February 2007 to May
2007.  The keys and alarm pads to both vehicles were found in appellant’s
pockets, and appellant’s personal items were found inside the Lincoln
Navigator.  

Viewing this evidence in the light most favorable to
the jury’s verdict, the jury could have found beyond a reasonable doubt that
appellant removed the Lincoln Navigator and Cadillac CTS to Montgomery County. 
See Jackson, 443 U.S. at 319; Dewberry, 4 S.W.3d at 740.  

Viewing the evidence in a neutral light, we conclude
the evidence is factually sufficient to justify the jury’s finding that
appellant committed the felony offense of theft in Montgomery County.  See
Johnson, 23 S.W.3d at 11.  The jury’s finding is neither clearly wrong nor
manifestly unjust.  See Lancon, 253 S.W.3d at 706-07; Watson, 204
S.W.3d at 414-15; Martinez, 129 S.W.3d at 106.

We overrule appellant’s second issue.   

Conclusion

            The trial court’s
judgment is affirmed.

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Guzman, and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
The indictment alleged six enhancement paragraphs, which the trial court found
true: (1) a felony burglary conviction on December 19, 1996; (2) a felony
forgery conviction on June 26, 1990; (3) a felony credit card abuse conviction
on September 16, 1988; (4) a felony credit card abuse conviction on September
26, 1988; (5) a felony unauthorized use of a motor vehicle conviction on
September 26, 1988; and (6) a felony unauthorized use of a motor vehicle
conviction on September 20, 1983.  Appellant does not challenge the length of
his sentence on appeal.