# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00114-CR

**Sara Dishman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-13-0046, HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Sara Dishman was charged with the offenses of theft and forgery.[1] Prior to trial, Dishman filed an application for writ of habeas corpus, alleging that venue was improper in Hays County. The district court denied the application. In her sole issue on appeal, Dishman asserts that the district court abused its discretion in denying the application. We will affirm the district court's order.

## BACKGROUND

In a two-count indictment, the State alleged that Dishman (1) unlawfully appropriated money from the victim in an amount greater than or equal to $100,000 but less than $200,000 and, (2) with intent to defraud the victim, forged a writing that "purported to be and was an authorization to debit an account at a financial institution, to wit: a notarized Durable Power of Attorney." Both

---

[1] *See* Tex. Penal Code §§ 31.03, 32.21.

offenses were alleged to have occurred in Hays County. In her pretrial application for writ of habeas corpus, Dishman contended that venue was improper in Hays County because the bank accounts from which the money was allegedly withdrawn were located in San Antonio (Bexar County) and Houston (Harris County). Following a hearing,[2] the district court signed an order denying the habeas application. The order does not elaborate on the specific grounds on which the district court relied, and no findings of fact or conclusions of law were requested or made. This interlocutory appeal followed.

## STANDARD OF REVIEW

We review a trial court's ruling on a habeas claim for abuse of discretion and, thus, will not disturb that ruling unless the trial court acted arbitrarily or unreasonably or without reference to any guiding rules or principles.[3] "Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law."[4] Moreover, the mechanism through which we review the denial of pretrial habeas—an interlocutory appeal—is itself an extraordinary remedy.[5] Thus, courts must ensure that the writ is not misused to secure pretrial appellate review of

---

[2] No reporter's record of the hearing has been provided on appeal.

[3] *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd); *Ex parte King*, 134 S.W.3d 500, 502-03 (Tex. App.—Austin 2004, pet. ref'd) (citing *Ex parte Alt*, 958 S.W.2d 948, 950 (Tex. App.—Austin 1998, no pet.)).

[4] *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007) (citing *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004)).

[5] *See Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010).

matters that should instead be reviewed after trial.[6]  "Consequently, whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved."[7]

"In determining whether an issue is cognizable on habeas, [courts] have considered . . . whether the alleged defect would bring into question the trial court's power to proceed" and whether certain constitutional protections, such as the right to be free from double jeopardy, "would be effectively undermined if these issues were not cognizable."[8]  "Aside from double-jeopardy issues, pretrial habeas is not appropriate when the question presented, even if resolved in the defendant's favor, would not result in immediate release."[9]  "Pretrial habeas should be reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review."[10]

## ANALYSIS

In her brief on appeal, Dishman argues that the district court abused its discretion in denying her pretrial application for writ of habeas corpus because:  (1) "habeas relief is available to challenge jurisdiction"; (2) "Hays County cannot maintain venue over the case"; (3) "the indictment defectively claims the crime took place in Hays County"; (4) "at least one appellate court has

---

[6]  *See Doster*, 303 S.W.3d at 724.

[7]  *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010).

[8]  *Ex parte Weise*, 55 S.W.3d 617, 619-20 (Tex. Crim. App. 2001).

[9]  *Doster*, 303 S.W.3d at 724.

[10]  *Weise*, 55 S.W.3d at 620.

acquitted a defendant on directed verdict as a result of improper venue"[11]; and (5) "the use of a pretrial writ of habeas corpus promotes judicial economy."

We initially observe that Dishman has conflated the concepts of venue and jurisdiction. Venue is distinct from jurisdiction.[12] "The terms are not synonymous."[13] Jurisdiction concerns the power of the court to hear and determine the case.[14] Venue concerns the geographic location where a case may be tried.[15] "It is well-established that habeas corpus will lie only to review jurisdictional defects or denials of fundamental or constitutional rights."[16] For purposes of state prosecutions, proper venue is not considered a fundamental or constitutional right.[17]

---

[11] *See Jones v. State*, 945 S.W.2d 852, 854 (Tex. App.—Waco 1997), *aff'd*, 979 S.W.2d 652 (Tex. Crim. App. 1998). We note that the Texas Court of Criminal Appeals has recently held that the State's failure to prove venue at trial does not result in an acquittal on appeal but instead results in a harm analysis pursuant to Tex. R. App. P. 44.2(b). *See Schmutz v. State*, No. PD-0530-13, 2014 Tex. Crim. App. LEXIS 121, at *9-17 (Tex. Crim. App. Jan. 29, 2014). Thus, *Jones* is no longer good law. But even if it were, the issue in *Jones* was whether venue had been proven at trial. The opinion does not address whether venue may be challenged in a pretrial habeas-corpus proceeding.

[12] *Ex parte Watson*, 601 S.W.2d 350, 351 (Tex. Crim. App. 1980); *State v. Blankenship*, 170 S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref'd).

[13] *Blankenship*, 170 S.W.3d at 681 (citing *Martin v. State*, 385 S.W.2d 260, 261 (Tex. Crim. App. 1964)).

[14] *Watson*, 601 S.W.2d at 351.

[15] *See Soliz v. State*, 97 S.W.3d 137, 141 (Tex. Crim. App. 2003); *Blankenship*, 170 S.W.3d at 681.

[16] *Watson*, 601 S.W.2d at 352; *see also Ex parte Luciw*, No. 03-08-00445-CR, 2009 Tex. App. LEXIS 9864, at *23 (Tex. App.—Austin Dec. 31, 2009, no pet.) (mem. op., not designated for publication).

[17] *See Schmutz*, 2014 Tex. Crim. App. LEXIS 121, at *13-16.

It is also well established that the criminal jurisdiction of district courts in Texas is not limited to the county in which the offense is committed.[18] "Regarding the criminal jurisdiction of district courts, i.e. the power of those courts to hear criminal cases, Art. 5, § 8 of the Texas Constitution provides only those courts 'shall have original jurisdiction in criminal cases of the grade of felony,' and 'of all misdemeanors involving official misconduct.'"[19] "The Texas Constitution provides no other limitation on the jurisdiction of district courts in regard to criminal matters."[20] In other words, even if the offenses were not committed in Hays County, as Dishman asserts, the Hays County District Courts would nevertheless have *jurisdiction* to hear the cases.[21] As the Texas Court of Criminal Appeals has explained:

> [S]trictly as a matter of jurisdiction, a district court may try any case in which the offense takes place within the State. Of course in a given case venue may not be proper under the provisions of Chapter 13 of the Code of Criminal Procedure. The failure to comply with those provisions, however, does not deprive the district court of jurisdiction.[22]

Thus, to the extent that Dishman is asserting that the district court does not have jurisdiction over the alleged offenses, such a claim is without merit, and the district court would not have abused its discretion in denying her habeas application on that ground.

---

[18] *See Boyle v. State*, 820 S.W.2d 122, 139 (Tex. Crim. App. 1989).

[19] *Watson*, 601 S.W.2d at 351.

[20] *Id*.

[21] *See Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981).

[22] *Watson*, 601 S.W.2d at 352.

5

Similarly, the district court would not have abused its discretion in denying the habeas application on the ground that improper venue is not, contrary to Dishman's assertions, the sort of fundamental defect that is cognizable on habeas. Dishman asserts that "Hays County cannot maintain venue over the case" and that "the indictment defectively claims the crime took place in Hays County." A claim that an indictment is "fundamentally defective" may be cognizable in a writ of habeas corpus, but only if the habeas application "alleges that the indictment is so deficient that it fails to vest the trial court with jurisdiction."[23] Again, that is not the case here. Dishman's complaint is that the offense did not occur in the county named in the indictment; she does not contend that the indictment failed to allege an offense. Moreover, "pretrial habeas is unavailable when the resolution of a claim may be aided by the development of a record at trial."[24] Such is the case with venue, which the State has the burden to prove—at trial—by a preponderance of the evidence.[25] And the same observations refute Dishman's argument that "the use of a pretrial

---

[23] *Ex parte Reedy*, 282 S.W.3d 492, 502 (Tex. Crim. App. 2009); *see Ex parte Gibson*, 800 S.W.2d 548, 551 (Tex. Crim. App. 1990) ("[I]f the instrument comes from the grand jury, purports to charge an offense and is facially an indictment, then it is an indictment . . . and its presentation by a State's attorney invests the trial court with jurisdiction to hear the case."); *see also Teal v. State*, 230 S.W.3d 172, 180 (Tex. Crim. App. 2007) ("The proper test to determine if a charging instrument alleges 'an offense' is whether the allegations in it are clear enough that one can identify the offense alleged. If they are, then the indictment is sufficient to confer subject matter jurisdiction. Stated another way: Can the trial court . . . and the defendant identify what penal code provision is alleged and is that penal code provision one that vests jurisdiction in the trial court?").

[24] *Doster*, 303 S.W.3d at 724; *see also Ex parte Smith*, 185 S.W.3d 887, 893 (Tex. Crim. App. 2006).

[25] *See* Tex. Code Crim. Proc. art. 13.17 ("In all cases mentioned in this Chapter, the indictment or information, or any pleading in the case, may allege that the offense was committed in the county where the prosecution is carried on. To sustain the allegation of venue, it shall only be necessary to prove by the preponderance of the evidence that by reason of the facts in the case,

writ of habeas corpus promotes judicial economy." Allowing a defendant to challenge a fact-specific issue such as venue in a pretrial application for writ of habeas corpus, when the State would be required to prove those same venue facts again during trial, would not promote judicial economy or conserve judicial resources.

On this record, we cannot conclude that the district court abused its discretion in denying Dishman's pretrial application for writ of habeas corpus. We overrule Dishman's sole issue on appeal.

## CONCLUSION

We affirm the district court's order.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: August 27, 2014

Do Not Publish

---

the county where such prosecution is carried on has venue."); *Dewalt v. State*, 307 S.W.3d 437, 457 (Tex. App.—Austin 2010, pet. ref'd).