The STATE of Texas, Appellant,

v.

Anthony Juan PAIZ, Appellee.

No. 1439–89.

Court of Criminal Appeals of Texas, En Banc.

Oct. 23, 1991.

---

Danny E. Hill, Dist. Atty., and Bruce Sadler, Asst. Dist. Atty., Amarillo, Robert Huttash, State's Atty., Austin, for appellant.

Richard Perry, Amarillo, for appellee.

Before the court en banc.

## OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

The Potter County grand jury indicted Appellee, Anthony Juan Paiz, a resident of Colorado, for felony[1] nonsupport of his minor child, a resident of Texas. Tex.Penal Code § 25.05(a) & (i)(2) [1973 Tex.Gen. Laws 922–923, since amended].[2] Appellee was subsequently extradited to Texas. Once in Texas, he moved to quash the indictment on the ground he had "committed no offense within the territorial jurisdiction" of this state. The trial court, after an evidentiary hearing, granted the motion. The State then appealed the trial court's order, pursuant to Tex.Code Crim.Proc. art. 44.01(a)(1), and the Seventh Court of Appeals reversed. *State v. Paiz*, 777 S.W.2d 575 (Tex.App.—Amarillo 1989). We granted Appellee's petition for discretionary review, pursuant to Tex.R.App.Proc. 200(c)(2), in order to determine (1) whether this state has territorial jurisdiction "over a nonresident who has been indicted for the offense of criminal nonsupport [and who]

has never been in Texas and is not under the order of any Texas court to provide support" and (2) whether the court of appeals erred in requiring Appellee to pay the costs of the State's appeal. Appellee's Petition at 3. We will reform the judgment of the court of appeals and affirm that judgment as reformed.

■ We consider first the question of jurisdiction. Appellee argues that this state's assertion of jurisdiction over him is prohibited by the Sixth Amendment's vicinage provision, which guarantees a criminal trial "by an impartial jury of the State and district *wherein the crime shall have been committed,* which district shall have been previously ascertained by law." (Emphasis added.) Appellee's contention seems to be that, logically, the crime of nonsupport occurs where the nonsupporting parent resides rather than where the child resides. The State argues in response that the situs of the crime has been legislatively determined by Tex.Penal Code § 1.04(c), which provides: "An offense based on an omission to perform a duty imposed on an actor by a statute of this state is committed inside this state regardless of the location of the actor at the time of the offense."

We have found no case from the United States Supreme Court holding that the Sixth Amendment's vicinage provision is applicable to the states. See *Cook v. Morrill,* 783 F.2d 593, 595 (5th Cir.1986) ("[I]t is the rule in this circuit that the sixth amendment right of vicinage does not apply to state prosecutions."); L. Brilmayer, *An Introduction to Jurisdiction in the*

---

1. But see *Ex parte Boetscher,* 812 S.W.2d 600 (Tex.Cr.App.1991) (equal protection clause of Fourteenth Amendment limits disparate treatment of nonresident nonsupport defendants).

2. At the time of the alleged offense, Texas Penal Code § 25.05 provided in relevant part:
   (a) An individual commits an offense if he intentionally or knowingly fails to provide support that he can provide and that he was legally obligated to provide for his children younger than 18 years, or for his spouse who is in needy circumstances.
       *    *    *    *    *    *
   (h) Except as provided in Subsection (i) of this section, an offense under this section is a Class A misdemeanor.

(i) An offense under this section is a felony of the third degree if the actor:
   (1) has been convicted one or more times under this section; or
   (2) commits the offense while residing in another state.

*American Federal System* 333 fn. 57 (1986) ("No case ... has explicitly held that [the] vicinage requirement is attached to the jury right as applied to the states.").

Assuming arguendo that the vicinage provision is applicable to state prosecutions, we conclude nonetheless that the legislative determination reflected in Tex.Penal Code § 1.04(c) is reasonable as applied to these facts and is therefore controlling. See *State v. Shaw*, 96 Idaho 897, 539 P.2d 250 (1975) (crime of nonsupport is committed where child resides); *State v. Warrick*, 176 Neb. 211, 125 N.W.2d 545 (1964) (same); *State v. Klein*, 4 Wash.App. 736, 484 P.2d 455 (1971) (same); *Poole v. State*, 60 Wis.2d 152, 208 N.W.2d 328 (1973) (same); 2 LaFave & Israel, *Criminal Procedure* § 16.2 at 348 (1984) (common-law view is that crime of nonsupport is committed where child resides). Appellee's first ground for review is overruled.

Having concluded that the Sixth Amendment vicinage provision is no impediment to this state's assertion of criminal jurisdiction over nonresidents charged with nonsupport, we express no opinion as to whether other constitutional guarantees might limit this state's assertion of such jurisdiction. See *Ex parte Boetscher*, 812 S.W.2d 600 (Tex.Cr.App.1991).

■ Appellee next argues that the court of appeals erred in ordering him to pay all costs occasioned by the State's appeal. We agree. Article 44.01(f) of the Texas Code of Criminal Procedure provides that "[t]he state shall pay all costs of appeal" of an order dismissing an indictment. Accordingly, Appellee's second ground for review is sustained.

The judgment of the court of appeals is reformed to delete the assessment of costs to Appellee. That judgment, as reformed, is AFFIRMED.

CLINTON, J., concurs in the result.

MILLER and MALONEY, JJ., dissent.

**1.** Now the Texas Department of Criminal Jus-