Opinion filed May 25, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed May 25, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00029-CR 

 

                                                     __________

 

                                 RALPH
DAVID THOMAS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 142nd District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR29754

 



 

                                                                   O
P I N I O N

 

Ralph David Thomas appeals from a conviction for
the offense of criminal nonsupport. 
Appellant challenges the trial court=s
ruling on his motion to dismiss the indictment. 
We affirm.

Background Facts








Appellant was ordered to pay child support in
Midland County district court pursuant to a divorce decree.  In July 2004, appellant was indicted for the
offense of criminal nonsupport in thirteen counts.  The State alleged in the indictment that
appellant intentionally and knowingly failed to provide support that he could
have provided and was legally obligated to provide for C.T. and Ne.T., his
children younger than eighteen years of age, on or about September 2001 through
March 2002.[1]  The indictment alleged that the offense
occurred in Midland County, Texas. 
Appellant filed a motion to dismiss the indictment alleging that, at the
time of the presentment of the indictment, appellant, his ex-wife, and his
minor children did not reside in Midland County or in Texas.  The trial court denied appellant=s motion to dismiss the
indictment.  Appellant entered a plea of
guilty, and the trial court sentenced him to two years confinement in a state
jail facility.  The trial court suspended
the sentence and placed appellant on community supervision for a period of five
years.

In his sole issue on appeal, appellant contends
that the trial court erred in failing to dismiss the indictment because, at the
time of the presentment of the indictment, appellant, his ex-wife, and his
children did not reside in Midland County or in Texas.  In order to fully address appellant=s issue, we must determine if the State
has jurisdiction over this offense and then determine if venue is proper in
Midland County.

Jurisdiction 

 An offense
may be prosecuted in Texas only if Texas has territorial jurisdiction over the
offense.  Section 1.04 of the Texas Penal
Code lists several bases for territorial jurisdiction.  Two of these are relevant to this
appeal.  First, Texas has jurisdiction
over an offense if either the conduct or a result that is an element of the
offense occurs inside this state. Tex.
Pen. Code Ann. '
1.04(a)(1) (Vernon 2003).  Second, Texas
has jurisdiction over an offense that is based on an omission to perform a duty
imposed on a defendant by a statute of this state.  Tex.
Pen. Code Ann. '
1.04(c) (Vernon 1003).  








Texas has territorial jurisdiction over this
offense under either of the above sections. 
In Texas, a person commits an offense if he intentionally or knowingly
fails to provide support to his child who is younger than eighteen years of age
or to his child who is the subject of a court order requiring the person to
support the child.  Tex. Pen. Code Ann. ' 25.05(a) (Vernon 2003).   Appellant was ordered to provide support to
his children in the divorce decree.  The
divorce decree  was still a valid and
existing judgment in Texas.  There had
not been a subsequent judgment regarding appellant=s
duty to pay child support entered in any other state.  The act of not paying the ordered child
support resulted in a violation of a valid judgment of a Texas court.  AActs
done outside a jurisdiction, but intended to produce and producing detrimental
effects within it, justify a state in punishing the cause of the harm as if he
had been present at the effect.@  Strasshein v. Daily, 221 U.S. 280, 285
(1911).  Texas has an interest in
protecting the viability of its judgments. 
Roberts v. State, 619 S.W.2d 161 (Tex. Crim. App. 1981).  Thus, appellant=s
failure to comply with the judgment occurred in Texas.

Further, criminal nonsupport is a crime of
omission.  Ex parte Beeth, 154
S.W.2d 484, 485 (Tex. Crim. App. 1941). 
Appellant had a statutory duty to support his children.  This offense clearly falls within the ambit
of Section 1.04(c) because it is based on appellant=s
omission to perform a statutory duty.  State
v. Paiz, 817 S.W.2d 84 (Tex. Crim. App. 1991); Ex parte Boetscher,
812 S.W.2d 600, 603 (Tex. Crim. App. 1991).  Therefore, Texas has jurisdiction to prosecute
this offense.

Venue 

Venue is the place where a case may be tried.  Ex parte Watson, 601 S.W.2d 350 (Tex.
Crim. App. 1980).   The rules of venue
are set out in Chapter 13 of the Texas Code of Criminal  Procedure. 

Two venue statutes are relevant to this appeal.  First, Article 13.16 of the Texas Code of
Criminal Procedure provides that the offense of criminal nonsupport may be
tried in the county where the offended spouse or child resides at the time the
indictment is presented.  Tex. Code Crim. Proc. Ann. art. 13.16
(Vernon 2005).  Second, Article 13.01 of
the Texas Code of Criminal Procedure provides that, if an offense is committed
wholly or in part outside of Texas and Texas has territorial jurisdiction to
prosecute the offense, the offense may be tried in any county in which the
offender is found or in any county in which an element of the offense occurs.  Tex. Code
Crim. Proc. Ann.  art. 13.01
(Vernon 2005).








Appellant contends that venue cannot be proper in
Midland County under the special venue statute for criminal nonsupport because
neither appellant=s ex-wife
nor his children resided in Midland County at the time the State presented the
indictment.  However, because appellant
resided outside of Texas when he failed to provide support for his children,
the special venue statute regarding offenses committed outside of Texas applies
to the facts of this case.  Some special
venue statutes apply to specific criminal offenses while others apply by virtue
of the specific facts of the case.  Murphy v. State, 112 S.W.3d 592 (Tex.
Crim. App. 2003). 

 Venue is
proper in Midland County under the special venue statute relating to offenses
committed in part outside of Texas.  See
Roberts, 619 S.W.2d at 164.  The
judgment issued by the Midland County district court obligated appellant to pay
child support.  That judgment has not
been modified or transferred to any other court.  Appellant failed to pay child support under
that judgment; thus, an element of the offense of criminal nonsupport was
committed in Midland County.  

Conclusion 

Texas has territorial jurisdiction to prosecute
appellant for the offense of criminal nonsupport.  Venue is proper in Midland County.  The trial court did not err in denying
appellant=s motion
to dismiss the indictment.  We overrule
appellant=s sole
issue.  

We affirm the judgment of the trial court. 

 

 

 

RICK STRANGE

JUSTICE

 

May 25, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]In the divorce decree, appellant was ordered to provide
child support for his four children N.T., J.T., Ne.T. and C.T. Appellant
was  indicted only for failing to provide
support for Ne.T. and C.T.  N.T. and J.T.
were over the age of eighteen at the time the State presented the
indictment.