Death Opinion






 

 



 


IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. PD-0530-13








RANDY SCHMUTZ, Appellant


 

v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS

TITUS COUNTY




 

 Alcala, J., delivered the opinion of the Court in which Keller, P.J., and Price,
Womack, Johnson, Hervey, and Cochran, JJ., joined. Keasler, J., concurred.
Meyers, J., filed a dissenting opinion.


O P I N I O N
 

 

 In this case we are asked to decide whether a claim of venue error is subject to review
for harm on appeal. We conclude that venue error at trial is subject to a review for harm by
using the standard for non-constitutional errors described in Rule 44.2(b) of the Texas Rules
of Appellate Procedure. See Tex. R. App. P. 44.2(b). Applying that standard to this case, we
determine that the State's failure to prove venue as alleged was harmless because the record
fails to show that appellant's substantial rights were affected by the venue of his trial, which
occurred at one of the places permitted under Article 13.09 of the Texas Code of Criminal
Procedure, the specialized venue statute applicable to this case. (1) We, therefore, overrule the
two grounds presented in the petition for discretionary review filed by Randy Schmutz,
appellant, who contends that the court of appeals erred (1) by determining that the State's
failure to prove venue as alleged was subject to harm analysis instead of automatic reversal,
and (2) by finding the venue error in his case to be harmless. (2) See Schmutz v. State, No. 06-12-00059-CR, 2013 Tex. App. LEXIS 3068, 2013 WL 1188994, at *2 (Tex.
App.--Texarkana Mar. 22, 2013) (mem. op., not designated for publication). We affirm the
judgment of the court of appeals.

I. Background 

 A. Facts

 Appellant signed an operating agreement with Priefert Manufacturing Co., Inc., the
complainant in this case, to sell Priefert's farm and ranch equipment on consignment. 
Appellant agreed to sell this equipment at his retail store in Stephenville, located in Erath
County. Priefert delivered its equipment to appellant's retail store from its headquarters in
Mount Pleasant, located in Titus County. Appellant picked up inventory at Priefert's
headquarters on several occasions and traveled back to his store. After making sales at his
store, appellant reported them daily to Priefert's headquarters. Priefert then sent invoices to
appellant for the wholesale price of the equipment that had been sold and the cost of the
freight.

 After the businesses operated under the agreement for over two years, the relationship
dissolved by early 2003, when appellant closed his store and admitted to using proceeds from
the equipment sales to pay other financial obligations. Priefert filed civil and criminal
complaints against appellant in Titus County to recover the unpaid invoices that totaled
nearly $90,000. Appellant filed for bankruptcy and discharged his civil liability. The
criminal case, however, proceeded to trial.

 B. Trial Proceedings

 Appellant was indicted in Titus County for the offense of hindering a secured creditor
by misappropriating the proceeds of secured property, a third-degree felony. See Tex. Penal
Code § 32.33(e), (e)(5) (establishing offense as third-degree felony when the value of
misappropriated property totals between $20,000 and $100,000). The indictment alleged that
venue lay in Titus County based on appellant's "sell[ing] or dispos[ing] of secured property"
there. See Tex. Code Crim. Proc. art. 13.09. The undisputed facts at trial, however,
showed that appellant sold property in Erath, not Titus, County. Titus County was the county
from which the property had been removed, but the State's indictment did not allege that
theory as a basis for venue.

 Appellant repeatedly challenged venue on the ground that he had not disposed of any
property in Titus County, as the State had alleged in the indictment. On this basis, he filed
a pretrial motion to quash, requested a directed verdict after the State rested its case-in-chief,
and requested a jury instruction on the special venue provisions in Article 13.09. See Tex.
Code Crim. Proc. art. 13.09. The trial court denied these requests. The jury convicted
appellant of hindering a secured creditor and recommended community supervision. 
Accordingly, the trial court sentenced appellant to five years of community supervision and
ordered him to pay restitution totaling $52,681.57.

 C. Appellate Proceedings

 Appellant appealed his conviction to the court of appeals. In light of the record that
conclusively showed no property was disposed in Titus County, the court of appeals held that
the State "failed to prove the venue facts it alleged," and that this constituted error. Schmutz,
2013 Tex. App. LEXIS 3068, 2013 WL 1188994, at *2. The central dispute on appeal
concerned the appropriate harm analysis: Whether the State's failure to prove venue required
reversal without a harm analysis, as appellant suggested, or whether it required a harm
analysis as non-constitutional error and was harmless, as the State suggested. More
specifically, the parties disputed the applicability of this Court's opinion in Black v. State,
645 S.W.2d 789, 791 (Tex. Crim. App. 1983). 

 Over thirty years ago in Black, this Court held that "[w]hen venue is made an issue
in the trial court, failure to prove venue in the county of prosecution constitutes reversible
error." Id. Appellant argued that Black requires automatic acquittal when the State fails to
prove venue as alleged. The State responded that, since Black was decided, the Texas Rules
of Appellate Procedure were amended and that under the current appellate rules this error is
subject to review for harm under the non-constitutional-error standard. 

 The court of appeals disagreed with appellant. Schmutz, 2013 WL 1188994, at *2. 
As a preliminary matter, it determined that, because appellant disputed venue at trial, the
State was not entitled to an appellate presumption that venue was proven. See id. at *2; Tex.
Code Crim. Proc. art. 13.17; Tex. R. App. P. 44.2(c)(1). With respect to the parties' dispute
about the continued validity of Black's holding, which required acquittal "when venue was
not proven as alleged," the court observed that Black "predate[d] the 1997 amendment of
Rule 44.2(b) of the Texas Rules of Appellate Procedure that requires harm analysis" for non-constitutional trial errors. Schmutz, 2013 WL 1188994, at *3; see Tex. R. App. P. 44.2(b). 
 Surveying the post-amendment case law, the court found that some courts of appeals still
applied Black's holding, (3) but that other courts of appeals held that the State's failure to prove
venue was subject to a harm analysis as non-constitutional error. Schmutz, 2013 WL
1188994, at *3 (citing Dewalt v. State, 307 S.W.3d 437, 460 (Tex. App.--Austin 2010, pet.
ref'd) (applying harm analysis in dicta); Thompson v. State, 244 S.W.3d 357, 364-66 (Tex.
App.--Tyler 2006, pet. dism'd) (applying harm analysis); State v. Blankenship, 170 S.W.3d
676, 681-84 (Tex. App.--Austin 2005, pet. ref'd) (same)). The court concluded that,
although this Court has not expressly overruled Black, this Court's "action in refusing review
of" those decisions applying a harm analysis to venue error "suggests the demise of the
required acquittal and the vitality of using a harm analysis" under Rule 44.2(b). Id. After
determining that the error was subject to review under the standard for harm described in
Rule 44.2(b), the court held that the State's failure to prove venue did not harm appellant. 
Id. at *3-4.

II. Venue Errors Are Subject to Review for Harm

 In his first ground, appellant contends that venue error is not subject to a harm
analysis and requires automatic reversal. He contends that the court of appeals, therefore,
erred by applying the harm standard for non-constitutional error. To support his contentions,
appellant presents three arguments: First, appellant suggests that the failure to prove venue,
similar to failure to prove an element of the offense, makes the evidence legally insufficient
to sustain his conviction and requires acquittal. Second, appellant contends that failure to
prove venue is structural error requiring reversal and acquittal on the error alone without a
harm analysis. Third, appellant argues that acquittal for venue error is mandatory under
Black, which has never been overruled by this Court. See Black, 645 S.W.2d at 791. As we
explain more fully below, we are unpersuaded that the State's failure to prove venue as
alleged requires automatic reversal.

 A. Venue Error Does Not Render Evidence Legally Insufficient


 Appellant argues that the State's failure to prove venue requires that this Court acquit
him of the offense for legally insufficient evidence under Jackson v. Virginia. See Jackson,
443 U.S. 307, 319, 99 S. Ct. 2781 (1979); Winfrey v. State, 393 S.W.3d 763, 768 (Tex. Crim.
App. 2013). In Jackson, the Supreme Court held that, to be sufficient, the evidence must be
adequate for a fact finder to rationally find "the essential elements of the crime beyond a
reasonable doubt." Jackson, 443 U.S. at 319. Appellant's argument that Jackson requires
acquittal for venue error is unavailing because venue is procedurally and substantively
different from elements of the offense. 

 As it is not a "criminative fact," venue is not an "element of the offense" under Texas
law. See Boyle v. State, 820 S.W.2d 122, 140 (Tex. Crim. App. 1989), overruled on other
grounds by Gordon v. State, 801 S.W.2d 899 (Tex. Crim. App. 1989); Fairfield v. State, 610
S.W.2d 771, 779 (Tex. Crim. App. 1981) (panel op.); Edwards v. State, 427 S.W.2d 629, 636
(Tex. Crim. App. 1968). An "element" is a fact that is legally required for a fact finder to
convict a person of a substantive offense. See Jackson, 443 U.S. at 315 (proof beyond a
reasonable doubt required of "every fact necessary to constitute the crime with which he is
charged") (quoting In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1072 (2007)); see also
Tex. Penal Code Ann. § 1.07 (defining "elements of offense" to include conduct, result,
and culpability elements, as well as "negation of any exception"). Professors Dix and
Schmolesky have explained that the remedy for venue error is properly distinguished from
that for insufficient evidence:

 If it can be determined that the basis of the acquittal is the failure to prove
venue, reprosecution should not be barred because an appellate reversal for
failure to prove venue is merely a finding concerning the geographic location
where the case may be tried, and it is not a finding of insufficient evidence of
a required element of the offense or even a finding that the court lacked
jurisdiction.

 

40 George E. Dix & John M. Schmolesky, Texas Practice Series: Criminal Practice
and Procedure § 5:60 (3d ed. 2013). Although venue must be proven "at trial to establish
a defendant's [legal] status," that "does not convert" venue into an "element[] of the
proscribed offense[]." State v. Mason, 980 S.W.2d 635, 641 (Tex. Crim. App. 1998) (citing
venue and jurisdiction as separate from elements of offense). 

 Furthermore, unlike elements of an offense that must be proven beyond a reasonable
doubt under Jackson, the Texas Rules of Appellate Procedure permit appellate courts to
presume that venue was proven unless venue is "disputed in the trial court" or "the record
affirmatively shows the contrary." Compare Tex. R. App. P. 44.2(c)(1) (permitting appellate
presumption on proof of venue), with Jackson, 443 U.S. at 316 (noting Due Process clause
requires evidentiary review for sufficiency of proof "of every element of the offense").

 Because venue is not an element of the offense, the court of appeals properly
determined that failure to prove venue does not implicate sufficiency of the evidence, nor
does it require acquittal under Jackson. Compare Jackson, 443 U.S. at 319, with Black, 645
S.W.2d at 791, and Lyles v. State, 257 S.W.2d 310, 311 (Tex. Crim. App. 1953).

 B. Failure to Prove Venue Is Not Structural or Constitutional Error 

 Appellant suggests that the State's failure to prove venue is structural error that
requires automatic reversal with no harm analysis or, alternatively, that it is federal
constitutional error subject to a harm analysis under Rule of Appellate Procedure 44.2(a). 
Addressing both contentions below, we conclude that both are without merit.

 "A 'structural' error 'affect[s] the framework within which the trial proceeds, rather
than simply an error in the trial process itself,'" and is not amenable to a harm analysis. 
Jordan v. State, 256 S.W.3d 286, 290 (Tex. Crim. App. 2008) (quoting Arizona v.
Fulminante, 499 U.S. 279, 310, 111 S. Ct. 1246 (1991)). All structural errors must be
founded on a violation of a federal constitutional right, but not all violations of federal
constitutional rights amount to structural errors. See Davila v. United States, 133 S. Ct. 2139,
2149 (2013) (stating that structural errors constitute a "highly exceptional category"); United
States v. Marcus, 560 U.S. 258, 263, 130 S. Ct. 2159 (2010) (stating that "structural errors
are a very limited class of errors that affect the framework within which the trial proceeds")
(quoting Johnson v. United States, 520 U.S. 461, 468, 117 S. Ct. 1544 (1997)); Fulminante,
499 U.S. at 306-08 (Supreme Court has "applied harmless-error analysis to a wide range of
[constitutional] errors and has recognized that most constitutional errors can be harmless");
Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (citing Fulminante to hold no
error "categorically immune" to harm analysis "[e]xcept for certain federal constitutional
errors labeled by the United States Supreme Court as 'structural'"). Other than sufficiency
review under the Due Process Clause, which we have already decided is inapplicable to
venue error, the only other federal constitutional right identified by appellant is the
"vicinage" or "venue" clause of the Sixth Amendment to the federal Constitution. See U.S.
Const., amends. VI ("In all criminal prosecutions, the accused shall enjoy the right to a . .
. trial, by an impartial jury of the State and district wherein the crime shall have been
committed, which district shall have been previously ascertained by law . . . .") (emphasis
added); XIV; see Tex. R. App. P. 44.2(a). But the vicinage clause has never been included
in those errors described as structural by the Supreme Court. See Davila, 133 S. Ct. at 2149
(not including venue as type of structural error).

 Furthermore, we now expressly hold that the federal vicinage clause is inapplicable
in Texas state courts. See Cook v. Morrill, 783 F.2d 593, 595 (5th Cir. 1986) ("[I]t is the
rule in this circuit that the sixth amendment right of vicinage does not apply to state
prosecutions."); Blankenship, 170 S.W.3d at 683 ("Neither federal nor state authorities"
require vicinage clause's application in state prosecutions) (internal citations omitted); Garza
v. State, 974 S.W.2d 251, 259 (Tex. App.--San Antonio 1998, pet. ref'd) (same); Bath v.
State, 951 S.W.2d 11, 19 (Tex. App.--Corpus Christi 1997, pet. ref'd) (same). As the Court
of Appeals for the Fifth Circuit explained, the vicinage clause is not "fundamental and
essential to a fair trial" and, therefore, is not a federal constitutional right that is binding on
state courts. Cook, 783 F.2d at 595. Although other state and federal courts are split on the
issue, a majority of those courts that have considered the issue have held that the vicinage
provision is inapplicable to the states. See Stevenson v. Lewis, 384 F.3d 1069, 1071 (9th Cir.
2004) (collecting cases); Price v. Superior Court, 25 P.3d 618, 629 (Cal. 2001) ("Vicinage
is not a right that is fundamental and essential to the purpose of the constitutional right to jury
trial, the test for incorporation from the Fourteenth Amendment suggested in Duncan and
Williams") (citing Williams v. Florida, 399 U.S. 78, 86, 90 S. Ct. 1893 (1970), and Duncan
v. Louisiana, 391 U.S. 145, 149, 88 S. Ct. 1444 (1968)). We agree with the majority view
that the federal Constitution's vicinage clause does not apply to state prosecutions. Our
conclusion is logically consistent with the court of appeals's determination in this case that
venue error is non-constitutional and subject to harm analysis under Rule of Appellate
Procedure 44.2(b). See Schmutz, 2013 WL 1188994, at *3; see also State v. Paiz, 817
S.W.2d 84, 85 (Tex. Crim. App. 1991); Price, 25 P.3d at 628-34.

 Appellant relies on this Court's opinion in Paiz to support his argument that the
vicinage clause of the Sixth Amendment is applicable in Texas, but we find the reasoning of
that case unpersuasive. See Paiz, 817 S.W.2d at 85. In Paiz, the appellant, a resident of
another state who had failed to pay child support in Texas, challenged the trial court's
jurisdiction based on the federal Constitution's vicinage clause. This Court rejected his
challenge and expressly stated that it had "found no case from the United States Supreme
Court holding that the Sixth Amendment's vicinage provision is applicable to the states," but,
even "[a]ssuming arguendo that the vicinage provision is applicable to state prosecutions,"
the Court concluded that it would pose "no impediment to this state's assertion of criminal
jurisdiction" in that case. Id. at 86. This Court in Paiz thus avoided answering the question
of whether the vicinage clause was applicable to the States because it was not required to do
so in order to resolve the issues in that case. Id.

 We conclude that venue error does not implicate the vicinage clause of the Sixth
Amendment to the federal Constitution or the Due Process Clause of the Fourteenth
Amendment, and that, given its statutory foundation in Article 13.09 of the Texas Code of
Criminal Procedure, the State's failure to prove venue as alleged is not structural or
constitutional error. (4) See Tex. Code Crim. Proc. art. 13.09; compare Davila, 133 S. Ct. at
2149.

 C. This Court's Precedent Necessarily Overruled Cases Automatically
Reversing for Venue Error

 

 The parties dispute whether the 1997 amendments to the Texas Rules of Appellate
Procedure implicitly abrogated Black's analysis of venue error and whether this Court's
decision in Jones v. State signifies that venue error is subject to automatic reversal even after
the amendment to the Texas Rules of Appellate Procedure. See Jones v. State, 979 S.W.2d
652, 659 (Tex. Crim. App. 1998). (5) We agree with the State that this Court's precedent
necessarily overrules Black to the extent to which that case provides for automatic reversal
based on venue error. See Schmutz, 2013 WL 1188994, at *3; Black, 645 S.W.2d at 791.

 Although at the time that Black was decided this Court generally applied the harm
standard in Chapman v. California, which permitted an appellate court to find error harmless
beyond a reasonable doubt, no discussion of a harm analysis for venue error occurred in
Black or in any of the cases on which Black relied. See Saylor v. State, 660 S.W.2d 822,
824-25 (Tex. Crim. App. 1983) (applying standard from Chapman v. California, 386 U.S.
18, 87 S. Ct. 824 (1967)). When this Court decided Black, it discussed the absence of
evidence to prove venue and reversed for a new trial without conducting any harm analysis.
See Black, 645 S.W.2d at 791 (holding that Black's motion for acquittal in light of State's
failure to prove venue was improperly denied and reversing and remanding cause). Black
cited to Romay v. State, 442 S.W.2d 399, 400 (Tex. Crim. App. 1969), which followed a long
line of cases in which this Court reversed and remanded without a harm analysis when venue
was not established. See Barrett v. State, 8 S.W.2d 133, 134 (Tex. Crim. App. 1928)
(reversing for failure to prove venue and "remand[ing] for a new trial"); Robertson v. State,
132 S.W.2d 276 (Tex. Crim. App. 1939) (same). Appellant is correct, therefore, that Black
represented a "longstanding rule" of Texas law at the time it was decided. 

 Since Black was decided, however, Texas case law and the rules of appellate
procedure, in accordance with decisions by the Supreme Court, have set forth three different
harm standards applicable to various types of errors. First, this Court held in Cain v. State
that errors categorized by the Supreme Court as structural are reversed automatically without
a harm analysis. Cain, 947 S.W.2d at 264 (holding that former Rule 81(b)(2) of the Texas
Rules of Appellate Procedure requires harm analysis for all trial errors except those held
"structural" by Supreme Court); see Mercier v. State, 322 S.W.3d 258, 262, 263 (Tex. Crim.
App. 2010) ("Cain's holding [is] that only errors labeled as structural . . . are immune from
a harm analysis"); Gray v. State, 159 S.W.3d 95, 96 (Tex. Crim. App. 2005) ("Cain issued
a 'broad mandate' that brought the overwhelming majority of errors within the purview of
a harm analysis.") (citing Gonzales v. State, 994 S.W.2d 170, 171-72 (Tex. Crim. App.
1999)). Second, errors categorized as non-structural constitutional errors require reversal of
a conviction unless the appellate court determines that the error did not contribute to the
conviction or punishment. See Tex. R. App. P. 44.2(a) ("If the appellate record in a criminal
case reveals constitutional error that is subject to harmless error review, the court of appeals
must reverse a judgment of conviction or punishment unless the court determines beyond a
reasonable doubt that the error did not contribute to the conviction or punishment."). This
rule was premised on former Texas Rule of Appellate Procedure 81(b)(2). See Aguirre-Mata
v. State, 992 S.W.2d 495, 498 (Tex. Crim. App. 1999); see former Tex. R. App. P. 81(b)(2),
49 Tex. B.J. 581 (Tex. Crim. App. 1986, amended 1997). Third, an error that is non-constitutional that does not affect a defendant's substantial rights must be disregarded. Tex.
R. App. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect
substantial rights must be disregarded."). The harm standard applicable to non-constitutional
errors was added in the 1997 amendment to the appellate rules in Texas.

 Only structural error requires reversal without any harm analysis, and the failure to
prove venue has not been labeled as structural error by the Supreme Court. This Court's
holding in Cain, which applies a harm analysis to non-structural errors, necessarily overruled
Black's holding that venue error, a non-structural error, is subject to automatic reversal. See
Cain, 947 S.W.2d at 264; Mercier, 322 S.W.3d at 262; Gray, 159 S.W.3d at 96. We,
therefore, agree with the court of appeals that to this extent Black is no longer binding
precedent. See Schmutz, 2013 WL 1188994, at *3 (citing Blankenship, 170 S.W.3d at
682-83).

 Suggesting that this Court intended for venue error to continue to warrant automatic
reversal without any harm analysis, appellant cites to Jones, which was decided after this
Court's decision in Cain and after the amendment to the rules of appellate procedure. In
Jones, the defendant in that case was convicted for theft by receiving, and this Court reversed
his conviction based on venue error without conducting a harm analysis. Jones, 979 S.W.2d
at 653, 659. Jones made no mention of Black, Cain, or any appellate rules and did not
consider whether venue error was structural or harmless error. Id. at 659. In the absence of
any analysis as to why it was not applying a harm standard, we are unpersuaded that this
Court intended for Jones to stand for the proposition that venue error would be reversible
without a harm analysis. Id. The procedural posture of Jones provides a further explanation
for this Court's decision. Jones's offense and the court of appeals's decision all occurred by
April 30, 1997, before both the effective date of the 1997 amendment to the Texas Rules of
Appellate Procedure and our decision in Cain. See Jones v. State, 945 S.W.2d 852 (Tex.
App.--Waco 1997); Cain, 947 S.W.2d at 262; 60 Tex. B. J. 876 (1997) (1997 amendments
to Rules of Appellate Procedure effective September 1, 1997). We are unpersuaded that
Jones undermines this Court's holding in Cain and its progeny and the rules of appellate
procedure, as amended. (6)

III. The State's Failure to Prove Venue In This Case Was Harmless Error

 Having determined that the failure to prove venue does not implicate a federal
constitutional right, we review the court of appeals's application of Rule 44.2(b) of the Texas
Rules of Appellate Procedure to determine whether appellant was harmed by the State's
failure to prove the venue theory it alleged in this case. In his second ground, appellant
contends that the court of appeals erred in holding that the venue error did not affect his
substantial rights. See Schmutz, 2013 WL 1188994, at *3. The court held that the venue
error was harmless because (1) there was no record evidence that the trial in Titus County
was the result of forum shopping or that it particularly inconvenienced or misled appellant,
prevented him from presenting a defense, deprived him of a fair judge or jury, or would
encourage the State to repeat this type of error in the future; (2) venue was actually proper
based on the prerequisites of Article 13.09 of the Texas Code of Criminal Procedure because
the evidence conclusively showed that property was removed from Titus County; and (3) the 
prosecutor's closing argument did not so emphasize the error as to constitute harm. Id. 

 A. For Harm, Venue Error Must Affect Appellant's Substantial Rights

 Under Texas Rule of Appellate Procedure 44.2(b), a non-constitutional error "that
does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b). A
substantial right is affected when the error had a substantial and injurious effect or influence
in determining the jury's verdict. See Motilla v. State, 78 S.W.3d 352, 355 (Tex. Crim. App.
2002). In assessing the likelihood that the jury's decision was adversely affected by the error,
an appellate court considers everything in the record. Id. This includes testimony, physical
evidence, jury instructions, the State's theories and any defensive theories, closing
arguments, and voir dire, if applicable. Bagheri v. State, 119 S.W.3d 755, 763 (Tex. Crim.
App. 2003). Important factors include the nature of the evidence supporting the verdict, the
character of the alleged error and how it might be considered in connection with other
evidence in the case, and may include whether the State emphasized the error and whether
overwhelming evidence of guilt was present. Id. 

 Included within the factors in its harm analysis, the court of appeals considered
whether finding the error harmless would "encourage the State to repeat the error." Schmutz,
2013 WL 1188994, at *3. We note that this is no longer a proper consideration when
conducting a harm analysis under Rule 44.2(b). See Snowden v. State, 353 S.W.3d 815, 818
n.9, 820 (Tex. Crim. App. 2011); Mason v. State, 322 S.W.3d 251, 258 n.10 (Tex. Crim.
App. 2010) (rejecting use of repeat-error factor in 44.2(b) analysis from Harris v. State, 790
S.W.2d 568, 587-88 (Tex. Crim. App. 1989)). We, therefore, exclude that consideration, but
otherwise examine the record as a whole to assess whether appellant was actually harmed by
the error. See Mason, 322 S.W.3d at 258 n.10; Motilla, 78 S.W.3d at 355. 

 B. The Venue Error Did Not Affect Appellant's Substantial Rights

 Appellant contends that the venue error caused him harm because (1) he was
inconvenienced by the venue's location being "more than 200 miles from his home"; (2) the
Titus County jury pool was biased or partial because its members "lived in the shadow of"
Priefert and "were well aware of" its status as a major local employer; and (3) the venue's
status as Priefert's headquarters was its "only apparent connection" to the offense and under
Article 13.09, venue would not be proper in Titus County. Reviewing each of appellant's
challenges to the court of appeals's harm analysis, we agree with the appellate court that the
venue error was harmless.

 Appellant cites the venue's 200-mile traveling distance from his home as an
inconvenience. See Schmutz, 2013 WL 1188994, at *1. Trial testimony, however, indicated
that appellant had traveled to Titus County to sign the operating agreement with Priefert and
meet with its corporate officers in 2003, and that he had traveled there to pick up Priefert
inventory "a lot of times." The venue of the trial, therefore, was one to which the parties
regularly traveled to conduct their mutual business and did not harm appellant. Thompson,
244 S.W.3d at 365-66 (trial in county adjacent to that in which Thompson lived and offense
occurred not harmful).

 Appellant also suggests that the location of the trial resulted in a jury biased in favor
of Priefert. The record on voir dire does not support this claim. See Bell v. State, 938
S.W.2d 35, 46 (Tex. Crim. App. 1996) (discussing voir dire's utility for detecting
"community climate"). The record shows that both parties questioned the venire extensively
about their pretrial knowledge of the case and their connection to Priefert, and its personnel. 
Several prospective jurors indicated past or current employment or personal relationships
with Priefert and they were eliminated from the jury for cause. We conclude, therefore, that
the court correctly found no evidence of partiality by the jury or judge. See Schmutz, 2013
WL 1188994, at *3. 

 We also agree with the appellate court's observation that venue would "likely" have
been proper in Titus County under Article 13.09 as the county from which Priefert's secured
property was "removed." Id. at *3. Appellant argues to the contrary that venue was not
proper in Titus County under any of Article 13.09's three potential venues because the terms
of a specific-venue statute should be read "in light of the terms of the penal statute to which
it applies," which in this case is the statute for hindering a secured creditor, Texas Penal
Code Section 32.33. See Tex. Penal Code Ann. § 32.33 (West 2012); Wooten v. State, 331
S.W.2d 22, 24 (Tex. App.--Amarillo 2010, pet. ref'd) (noting Article 13.09 provides three
potential venues). Particularly, appellant contends that the statute for hindering secured
creditors in Section 32.33 includes a definition of "remove," which "means transport, without
the effective consent of the secured party, from the state in which the property was located
when the security interest or lien attached." Tex. Penal Code Ann. § 32.33(a)(1). He
argues that this definition should apply to the otherwise undefined word "removed" in Article
13.09, which provides for venue "in the county from which [secured property] was
removed," among other places. See id.; Tex. Code Crim. Proc. art. 13.09. We agree with
the court of appeals's conclusion that the term "removed" as it is used in Article 13.09 should
be interpreted in accordance with its plain meaning, which is to "change the location,
position, station, or residence of." Webster's New Collegiate Dictionary 997 (9th ed.,
1988); see Schmutz, 2013 WL 1188994, at *2 n.7; Boykin v. State, 818 S.W.2d 782, 785
(Tex. Crim. App. 1991) (where meaning of statute should have been plain to enacting
Legislature, "we ordinarily give effect to that plain meaning" unless literal application would
produce absurd results). This approach is supported by the fact that Penal Code Section
32.33 expressly restricts its definition of "remove" to "for purposes of this section." Tex.
Penal Code Ann. § 32.33(a). Furthermore, our interpretation conforms to our
understanding that special venue statutes, as a general matter, exist to "expand the number
of counties in which an offense may be prosecuted" rather than restricting them. Soliz v.
State, 97 S.W.3d 137, 141 (Tex. Crim. App. 2003); see Murphy v. State, 112 S.W.3d 592,
604 (Tex. Crim. App. 2003) (noting some specific venue statutes apply by virtue of facts,
while others "expressly apply to identifiable penal offenses"). We, therefore, conclude that
the special venue statute at issue in this case is not so limited in scope as appellant suggests.

 In considering the totality of the record, we note that we also agree with the court of
appeals's analysis that the State's closing argument concerning venue did not harm appellant. 
In closing, appellant's counsel reiterated the lack of any evidentiary support for proper venue
and emphasized that, given this evidentiary failure, "I think you can infer why we're here.
. . . Where is Priefert Manufacturing located? Who knows Priefert Manufacturing Company?
The citizens of Titus County. Mr. Bill Priefert, born and raised here." In his closing
argument, the prosecutor responded, 

 Titus County, okay? We're not in Titus County because Priefert is in Titus
County. We're in Titus County because Priefert Manufacturing is in Titus
County, and Priefert Manufacturing manufactured the property, and the
property was shipped from Titus County. And so the venue statute says that
where the property is sent from, so that's where we get it.


Appellant immediately objected, and the trial court instructed the jury to "be bound by your
own recollection of what you heard[,] the evidence and your own recollection." Although
the State's closing argument erroneously told the jury that venue was permissible in Titus
County because the property was sent from there, a matter not included in the jury
instructions, we cannot conclude that this argument harmed appellant in light of this record
that includes evidence that appellant agreed to conduct business in Titus County, often
traveled to Titus County to accept the property that is the basis for his conviction, and
traveled to Titus County for meetings related to this business with Priefert.IV. Conclusion

 We hold that the venue error was harmless under the non-constitutional error standard
described in article 44.2(b) of the Texas Rules of Appellate Procedure. We, therefore, affirm
the judgment of the court of appeals.

Delivered: January 29, 2014

Publish
1. Texas Code of Criminal Procedure Article 13.09 provides: 


 If secured property is taken from one county and unlawfully disposed of in another
county or state, the offender may be prosecuted either in the county in which such
property was disposed of, or in the county from which it was removed, or in the
county in which the security agreement is filed. 

 

Tex. Code Crim. Proc. art. 13.09.
2. Appellant's petition presents two grounds:

 

 1. Whether the court of appeals erred by concluding that the State's failure to prove venue
in the instant case was subject to harmless-error review, in contravention of this Court's
holding in Jones v. State, 979 S.W.2d 652 (1998), which reiterated the longstanding rule in
Texas that venue error, once established, results in reversal and acquittal.


 2. Whether, assuming the State's failure to prove venue is subject to harmless-error review,
the court of appeals erred by concluding that the State's trial of [appellant] in Titus County,
in defiance of the applicable venue provision, constituted harmless error.

 
3. The court of appeals cited several cases as "continu[ing] to render an acquittal in cases in
which venue was not proven as alleged." See Schmutz v. State, No. 06-12-00059-CR, 2013 Tex.
App. LEXIS 3068, 2013 WL 1188994, at *3 (Tex. App.--Texarkana Mar. 22, 2013) (mem. op., not
designated for publication) (citing Jones v. State, 979 S.W.2d 652, 659 (Tex. Crim. App. 1998);
Lemoine v. State, 85 S.W.3d 385, 389 (Tex. App.--Corpus Christi 2002, pet. ref'd); and Stewart v.
State, 44 S.W.3d 582 (Tex. Crim. App. 2001)). 
4. Because appellant has failed to raise any constitutional-error claim based on the Texas
Constitution, we do not address it here. 
5. The parties also relied on several other court of appeals cases that were (1) issued before the
1997 amendment of the Texas Rules of Appellate Procedure, see, e.g., Knabe v. State, 836 S.W.2d
837 (Tex. App.--Fort Worth 1992, pet. ref'd), (2) reversed because venue was held proper, see, e.g.,
Stewart v. State, 8 S.W.3d 832 (Tex. App.--Beaumont 2000), rev'd, 44 S.W.3d 582 (Tex. Crim.
App. 2001), Soliz v. State, 60 S.W.3d 162 (Tex. App.--Houston [14th Dist.] 2001), rev'd, 97 S.W.3d
137 (Tex. Crim. App. 2003), (3) dicta, see, e.g., Dewalt v. State, 307 S.W.3d 437, 460 (Tex.
App.--Austin 2010, pet. ref'd), or (4) reversing for venue error without any analysis, see, e.g.,
Lemoine v. State, 85 S.W.3d 385, 389 (Tex. App.--Corpus Christi 2002, pet. ref'd) (merely citing
Jones v. State, 979 S.W.2d 652, 659 (Tex. Crim. App. 1998) and Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S. Ct. 2781 (1979)).
6. In Texas, the Legislature requires reversal of civil cases for venue error. See Tex. Prac. &
Rem. Code Ann. § 15.064(b). Section 15.064(b) states, "On appeal from the trial on the merits, if
venue was improper it shall in no event be harmless error and shall be reversible error. In
determining whether venue was or was not proper, the appellate court shall consider the entire
record, including the trial on the merits." Id. As our sister court, the Supreme Court of Texas, has
explained, "The procedure [of automatic reversal of venue error on appeal is] mandated by this
statute" and "there is no misunderstanding its plain language: an appellate court is obliged to conduct
an independent review of the entire record to determine whether venue was proper." Ruiz v. Conoco,
Inc., 868 S.W.2d 752, 757-58 (Tex. 1993). No such statute exists for criminal cases.